Robert S. MOORE, Director, Alcoholic Beverage Control
Division, et al. *v.* Leo KING

CA 96-119                                      937 S.W.2d 677

Court of Appeals of Arkansas
Division I and III
Opinion delivered February 5, 1997

*Donald R. Bennett,* for appellant Alcoholic Beverage Control Board.

*Charles R. Singleton,* for appellant Billy G. Taylor.

*Lyons & Emerson,* by: *Jim Lyons,* for appellee.

JOHN B. ROBBINS, Chief Judge. Pocahontas Moose Lodge #2405, one of the appellants herein, filed an application for a private-club permit with appellant Arkansas Alcoholic Beverage Control (ABC) Division on May 20, 1994. The ABC Division thereafter received written objections to the application from the Randolph County Sheriff, the Pocahontas Assistant Chief of Police, and appellee Leo King, a nearby property owner. As a result of the public-official objections, the ABC Division Director initially denied the application on June 23, 1994, and the applicant appealed. After a hearing before the ABC Board, the Board voted to grant the application, and this decision was appealed to the Randolph County Circuit Court on October 18, 1994. The circuit court reversed the decision of the ABC Board and denied the application on October 13, 1995. The appellants now appeal the ruling of the circuit court, arguing that it erred in finding that the ABC Board's decision to grant the permit was not supported by substantial evidence. In addition, the appellants contend that the circuit court erred by usurping the authority and discretion of the ABC Board, thereby substituting its judgment for that of the administrative agency. We affirm the decision of the circuit court.

Review of administrative decisions, both in the circuit court and here, is limited in scope. *In Re Sugarloaf Mining Co.,* 310 Ark. 772, 840 S.W.2d 172 (1992). Such decisions will be upheld if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. *Arkansas Alcoholic Beverage Control Bd. v. King,* 275 Ark. 308, 629 S.W.2d 288 (1992). Administrative action may be regarded as arbitrary and capricious only when it is not supportable on any rational basis. *Partlow v. Arkansas State Police Comm'r,* 271 Ark. 351, 609 S.W.2d 23 (1980). The appellate court's review is directed, not toward the circuit court, but rather toward the decision of the agency. *In Re Sugarloaf Mining Co., supra.* Judicial review is limited because administrative agencies are better

equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *First National Bank v. Arkansas State Bank Comm'r*, 301 Ark. 1, 781 S.W.2d 744 (1989).

██ Arkansas Code Annotated section 3-9-222(f) (Repl. 1996) provides that the ABC Board may issue a permit to operate a private club if the applicant is qualified and the application is in the public interest. Arkansas Code Annotated section 3-4-201(b) (Repl. 1996) pertains to the restricting of the quantity of permits issued in the state and provides:

> The Alcoholic Beverage Control Board is empowered to determine whether public convenience and advantage will be promoted by issuing the permits and by increasing or decreasing the number thereof; in order to further carry out the policy hereinbefore declared, the number of permits so issued shall be restricted.

There are a number of factors that the ABC should consider before making such a determination, including the number and types of alcoholic permits in the area, economic impact, traffic hazards, remoteness of the area, degree of law enforcement available, input from law enforcement or other public officials in the area, and comments from area residents in opposition or support of the permit. *Edwards v. Arkansas Alcohol Beverage Control*, 307 Ark. 245, 667 S.W.2d 660 (1984).

Gordon Steven Rice is the secretary of Pocahontas Moose Lodge #2405 and testified on its behalf. He stated that the lodge currently had 192 members and had been in existence for a little more than a year. Mr. Rice explained that the continuing practice was for each member to bring his own beer to the lodge, and that no member was allowed to possess more than 24 beers on the lodge premises. He further testified that no alcohol was sold on the premises and that sometimes he would take beer orders and transport alcoholic beverages from a nearby wet county to the lodge, and that this practice made him uncomfortable. Mr. Rice explained that the purpose of the lodge is to provide a social atmosphere and to raise money for charities and the community. According to Mr. Rice, there were no membership dues. Instead,

the members would donate money, which would later be used for operating expenses. Mr. Rice opined that, if the application were granted, this would benefit the community. He based this opinion in part on the fact that there are only two other private clubs in the county, one of which is a relatively expensive country club, and the other of which has its membership restricted to veterans.

Appellee Leo King testified against the private-club application. He stated that he lives 190 feet from the lodge, and that their activities cause a general disturbance. Mr. King gave accounts of loud music being played late at night as well as beer cans littering the premises. He believed that the granting of a permit would lower the value of his property, and he testified that all of the neighbors in the vicinity of the lodge opposed its application.

Sheriff Rob Sammons also testified that he was in opposition to the application. He noted that there were not extensive problems with the existing private clubs, but expressed concern that another club might cause too heavy a burden on the sheriff's office. Sheriff Sammons did, however, acknowledge that the lodge serves a useful purpose in the community.

There was other evidence presented on behalf of the appellee which purported to show that the lodge had previously engaged in illegal activities. For example, it was established that a member of the lodge had been convicted of selling a beer to an ABC agent. In addition, the appellee introduced minutes of some of the lodge's meetings which purported to show that alcohol was being sold on the premises. Minutes from a December 7, 1993, meeting included a handwritten notation indicating that prices on drinks would be $2.00 on everything but Crown [Royal] and $1.00 for beer. Minutes from a January 10, 1994, meeting indicated that a proposal had been made to have a happy hour from 4:00 p.m. until 6:00 p.m., during which drink prices would be reduced by 25 cents.

We find that the decision of the ABC Board was characterized by an abuse of discretion and was not supported by substantial evidence. This is because, in granting the private-club permit, the ABC Board failed to abide by two of its own regula-

tions. Therefore, we affirm the circuit court's decision to deny the permit.

■ ABC Regulation 1.32(2) provides the following:

Section 1.32. PERSONS NOT ENTITLED TO ISSUANCE OF PERMIT. No permit shall be issued to:

(2) *PERSONS GIVING FALSE INFORMATION OR STATEMENTS IN APPLICATION OR HEARING.* Any individual, partnership or corporation if such individual or any member of such partnership or any officer, director, managing agent or stockholder holding more than five percent (5%) of the stock in such corporation knowingly gave any false information or made any false statements on any application or any hearing required by these Regulations or by any Alcoholic Beverage Control Law of the State of Arkansas[.]

In the instant case, secretary Gordon Steven Rice acknowledged that a lodge member, namely Tommy Starr, had previously sold a beer to an ABC agent and had been reprimanded for doing so. In addition, Mr. Rice was aware of lodge minutes which indicated that the lodge would have a happy hour and would charge for alcoholic beverages. Despite having this knowledge, Mr. Rice testified that, "We do not sell liquor in violation of the law," and further stated, "To my knowledge we have never sold liquor at all." It is apparent from the evidence presented that, on at least one occasion, the lodge had engaged in the practice of selling beer. Because Mr. Rice knowingly provided false information at the hearing, the ABC Board erred in issuing the permit.

■ From an inquiry into the record of this case, it is also evident that ABC Regulation 1.32(6) had been violated; this regulation reads as follows:

Section. 1.32 PERSONS NOT ENTITLED TO ISSUANCE OF PERMIT. No permit shall be issued to:
(6) *PERSONS CONVICTED OF CERTAIN CRIMES.* Any individual, partnership or corporation if such individual or any member of such partnership or any officer, director, managing agent or any stockholder holding more than five percent (5%) of the stock of such corporation has been convicted of a felony or has within (5) five years before the date of application been under the sentence of any Court for the conviction of any violation of the laws

of the State of Arkansas or any state of the United States relating to alcoholic beverages[.]

It is undisputed that Tommy Starr had previously violated alcoholic-beverage laws and was convicted after illegally selling a beer on lodge premises. Minutes from a lodge meeting held on April 25, 1994, listed the officers who were elected for 1994 and 1995. Among these officers was three-year trustee Tommy Starr. Because an officer of the nonprofit corporation had been convicted of an alcohol-related offense within five years of application for the permit, the ABC Board was without authority to issue the permit pursuant to its own rules.[1]

The appellant's remaining argument is that the circuit court erroneously usurped the authority and discretion of the ABC Board in reversing its decision. We disagree. It is the function of the circuit court to uphold decisions of the ABC Board when such decisions are supported by substantial evidence. In the instant case, the circuit court properly exercised its authority, and its decision to reverse the board was a correct one in light of the fact that the pertinent ABC regulations prohibited the issuance of a private-club permit.

Affirmed.

STROUD and GRIFFEN, JJ., agree.

PITTMAN, JENNINGS, and ROGERS, JJ., dissent.

JUDITH ROGERS, Judge, dissenting. Today's decision of the court is unprecedented in the annals of our jurisprudence, for in the process of overturning the ABC Board's decision to grant a permit, this court boldly makes findings of fact of its own on questions never offered to the Board as grounds for the denial of the permit. Our function on appeal does not entail making find-

---

[1] We acknowledge that we have gone to the record to determine that Mr. Starr was an officer. However, in the instant case we are affirming the decision of the circuit court, and it has been established that an appellate court may go to the record to affirm. *See Hosey v. Burgess*, 319 Ark. 183, 890 S.W.2d 262 (1995). Although this case is a unique one in that we are actually reviewing the decision of the ABC Board and not the circuit court, we know of no authority that prevents this court from affirming a case without the benefit of an abstract that demonstrates the error committed by the administrative agency.

ings of fact nor is it proper to overturn a fact-finder's decision based on arguments never presented to the fact-finder for determination. I am thus compelled to protest this blatant usurpation of the Board's authority.

In the prevailing opinion, the court overturns the Board's decision based on the perceived violation of two regulations. The first regulation concerns the authority of the Board to deny a permit when it finds that false statements are made at the hearing. However, appellee did not refer to this regulation at the hearing and never so much as argued to the Board that the permit should be denied because this witness's testimony was untruthful. Consequently, the Board made no finding as to the truthfulness of the witness's testimony. Yet this court, on its own initiative, judges the veracity of this witness's testimony and makes a finding of fact that the testimony was knowingly false and untruthful.

The second regulation provides for disqualification when an officer of the *corporation* seeking a permit has been convicted of violating any law relating to alcoholic beverages. The prevailing opinion makes a finding of fact, based on some obscure designation of this individual as a "3 yr. trustee," that this person is an officer of the *corporation*. It is abundantly clear, however, that the subject of this particular regulation appears for the first time in appellee's responsive brief in this court. Appellee did not present testimony that this person was an officer of the corporate applicant[2] and did not rely on this regulation in its opposition to the permit. Since the issue was not raised, the Board was not called upon to make a finding of fact concerning the application of this regulation. As a matter of fact, since this issue was not fleshed out at the hearing, we have no earthly idea what a "three-year trustee" is, and indeed this person's status as an officer of the *corporate* applicant, to which the regulation speaks, is very much a subject of disputed fact because this person is not among those listed as an

---

[2] Contrary to the assertion in the prevailing opinion, the minutes of the corporation were not introduced into evidence. The minutes are in the record as an accompaniment to the application submitted by appellant for the permit. That portion of the minutes reflecting Mr. Starr's election as "3 yr. trustee" was never mentioned at the hearing, and the testimony throughout the hearing refers to him only as a member of the Moose Lodge Club.

officer of the corporation on the application for the permit or the accompanying articles of incorporation. Nevertheless, in the face of this conflicting evidence, this court resolves this question of disputed fact, concerning an issue raised for the first time on appeal, and finds that this person is an officer of the corporation. That this court is taking on the role of a fact-finder is tacitly admitted in the prevailing opinion, because hidden in a footnote, it acknowledges that it looked to the record "to determine" that this person was an officer of the corporation.

Two principles of law are controlling here. It has been repeatedly held that we will not set aside an administrative determination upon a ground not presented to the agency because to do so would deprive the agency of the opportunity to consider the matter, make its ruling and state the reasons for its action. *Franklin v. Arkansas Dep't of Human Servs.*, 319 Ark. 468, 892 S.W.2d 262 (1995). Secondly, reviewing courts may not supply findings by weighing the evidence themselves, because that function is the responsibility of the administrative agency which sees the witnesses as they testify. *The Green House, Inc. v. Arkansas Alcoholic Beverage Control*, 29 Ark. App. 229, 780 S.W.2d 347 (1989). With these principles in mind and governed by our limited standard of review, it is our task to examine the decision of the Board based on the arguments presented to that body and based on the findings made by the Board in response to those issues placed before it. It is not our function to pass judgment on matters which could have been raised, but were not, or to make findings of fact with respect to issues raised for the first time in this or any appeal from that decision. The circuit court overturned the Board's decision on grounds not argued before the Board and otherwise substituted its judgment for that of the Board. By affirming that decision, this court falls into the same error, and I dissent.

I am authorized to state that Judges Pittman and Jennings join in this dissent.