Robert S. MOORE, as Director of the Alcoholic Beverage Control Division; Dr. Carl Hyman, James N. Walters, Robert J. Jones, Tony Ellis, and Michael Butler, as Members of the Alcoholic Beverage Control Division Board; and Billy G. Taylor *v.* Leo KING

97-202                                      945 S.W.2d 358

Supreme Court of Arkansas
Opinion delivered May 27, 1997

*Donald R. Bennett*, for appellant Alcoholic Beverage Control Board.

*Charles R. Singleton*, for appellant Billy G. Taylor.

*Lyons & Emerson*, by: *Jim Lyons*, for appellee.

DONALD L. CORBIN, Justice. ▮ Appellant Robert S. Moore, Director of the Alcoholic Beverage Control ("ABC") Division, individually and on behalf of the ABC Board, appeals the judgment of the Randolph County Circuit Court, which reversed the ABC Board's decision to grant an application for a private-club permit to the Pocahontas Moose Lodge. The Arkansas Court of Appeals affirmed the trial court's judgment. *Moore v. King*, 56 Ark. App. 21, 937 S.W.2d 677 (1997). We granted Appellant's petition for review of that decision pursuant to Ark. Sup. Ct. R. 1-2(e) (as amended by *per curiam* July 15, 1996). When we grant review following a decision by the court of appeals, we review the case as though the appeal was originally filed with this court. *Stucco Plus, Inc. v. Rose*, 327 Ark. 314, 938 S.W.2d 556 (1997). We reverse the judgment of the trial court and affirm the decision of the ABC Board to grant the permit.

*Facts and Procedural History*

Pocahontas Moose Lodge #2405 filed an application for a private-club permit with the ABC Division on May 20, 1994. The ABC Division received written objections to the application from the Randolph County Sheriff, the Pocahontas Assistant Chief of Police, and Appellee Leo King, a nearby property owner. Specifically, the Sheriff disapproved of the lodge receiving a permit due to the lack of deputies to enforce the regulations at the

lodge. The Pocahontas Assistant Chief of Police opposed the permit as promoting a traffic hazard on the roads near the lodge. Leo King and other private citizens alleged that the lodge would lower the value of nearby property and disturb the peace of the area. As a result of the foregoing objections, along with the concerns of building code requirements, the ABC Division Director initially denied the application on June 23, 1994, and the Moose Lodge appealed.

A hearing was held before the ABC Board on September 21, 1994, where supporters and opponents to the permit were heard. After the hearing, the lodge's application was granted. Appellee appealed to the Randolph County Circuit Court on October 18, 1994. The circuit court reversed the decision of the ABC Board, determining that the issuance of the permit was arbitrary and capricious and characterized by an abuse of discretion. Apparently, the circuit court, on its own initiative, determined that Steve Rice, secretary of the Moose Lodge, had knowingly given false statements regarding the issue of whether the lodge had previously sold alcoholic beverages on its premises. The circuit court also found that the previous practices of obtaining alcohol at the lodge violated specific ABC regulations, which were not argued by Appellee in the hearing and which would, in any event, only provide for a revocation of a permit.

Appellant appealed to the court of appeals, which held that the circuit court had properly exercised its authority and that its ruling to reverse the decision of the ABC Division was correct in light of the fact that ABC regulations prohibited the issuance of a private-club permit in this instance. The court of appeals concluded that Steve Rice gave false testimony regarding the sale of liquor at the lodge and that Tommy Starr had been convicted of selling beer on the premises and was an officer of the Moose Lodge. At the hearing before the Board, however, there was no testimony revealing that Tommy Starr was an officer of the lodge, nor was there any request from Appellee for the Board to make a finding of fact with regard to ABC regulation 1.32(6), which prohibits the issuance of a permit if an officer of the corporation has been convicted of alcohol-related crimes.

## Standard of Review

■ On appeal, our review is directed, not toward the circuit court, but rather toward the decision of the agency. *Arkansas State Highway & Transp. Dep't v. Kidder*, 326 Ark. 595, 933 S.W.2d 794 (1996). In review of an agency decision, the circuit court's review is limited to a determination of whether there was substantial evidence to support the agency's decision and, on appeal, the supreme court's review is similarly limited. *Id.* Administrative agencies, as opposed to courts, are better equipped by specialization, insight through experience, and more flexible procedures to determine and analyze legal issues affecting their agencies. *Id.* Questions concerning the credibility of witnesses and the weight to be accorded to the evidence presented lies within the prerogative of the agency, rather than the reviewing court. *Williams v. Scott*, 278 Ark. 453, 647 S.W.2d 115 (1983); *Carder v. Hemstock*, 5 Ark. App. 115, 633 S.W.2d 384 (1982).

■ Substantial evidence is defined as valid, legal, and persuasive evidence or such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Files v. Arkansas State Highway & Transp. Dep't*, 325 Ark. 291, 925 S.W.2d 404 (1996). To establish an absence of substantial evidence, it must be demonstrated that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusions. *Kidder*, 326 Ark. 595, 933 S.W.2d 794.

## ABC Board's Decision

Appellant argues that the trial court erred in finding that the ABC Board's decision to grant the permit to the Moose Lodge was not supported by substantial evidence. Appellant argues further that the trial court erred in usurping the authority and discretion of the ABC Division, thereby substituting its judgment for that of the administrative agency.

■ Administrative decisions should be upheld if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. *Wacaser v. Insurance Comm'r*, 321 Ark. 143, 900 S.W.2d 191 (1995). The courts

determine whether there has been an arbitrary or unwarranted abuse of discretion, even though considerable judicial restraint should be observed in finding such an abuse. *Bryant v. Arkansas Pub. Serv. Comm'n*, 54 Ark. App. 157, 924 S.W.2d 472 (1996). An administrative decision should be reversed as arbitrary and capricious only when it is not supportable on any rational basis, not simply because the reviewing court would have acted differently. *McKinley v. Arkansas Dep't of Human Servs.*, 311 Ark. 382, 844 S.W.2d 366 (1993). The party challenging the agency's action must prove that such action was willful and unreasonable, without consideration and with a disregard of the facts or circumstances of the case. *Beverly Enter.-Ark., Inc. v. Arkansas Health Servs. Comm'n*, 308 Ark. 221, 824 S.W.2d 363 (1992); *Bryant*, 54 Ark. App. 157, 924 S.W.2d 472.

■ The ABC Board has the power to determine whether "public convenience and advantage will be promoted" by granting liquor permits. *Arkansas Alcoholic Beverage Control Bd. v. Muncrief*, 308 Ark. 373, 376, 825 S.W.2d 816, 817 (1992). In order to carry out the legislative intent and the requirements of the Alcoholic Beverage Control Act, the ABC Board must look at factors which directly weigh on the public convenience and advantage. *Fouch v. State, Alcoholic Bev. Cont. Div.*, 10 Ark. App. 139, 662 S.W.2d 181 (1983).

Here, the findings of fact and conclusions of law made by the ABC Board reflect that the Moose Lodge was qualified to make application and that it was in the overall interest of the public to grant the application. The ABC Board found the Moose Lodge to be properly organized as a nonprofit corporation with more than 100 members, which had a building to accommodate its members and guests. While the ABC Board conceded that there had been problems with the lodge's alcohol use in the past, such as the previous conviction of a member selling alcohol and the law enforcement-tolerated "brown-bag" practices, the Board nonetheless found that granting the license and placing the lodge under regulatory authority would cure the problems previously experienced by the Moose Lodge. When considering the suitability of the location, the ABC Board found that there were no particular problems or traffic dangers with the use of the neighboring roads

and highway and further found that the public's interest would be served by the charitable donations made by the Moose Lodge. The Board also conditioned the granting of the permit upon full compliance within six months with the building requirements and the posting of a surety bond. The Board set out findings which related directly to the public convenience and advantage in granting the permit.

On appeal to both the trial court and court of appeals, the decision to reverse the ABC Board's decision, thereby denying the permit to the Moose Lodge, was based on ABC regulations dealing with false information at hearings and alcohol-related convictions. These regulations were not, however, argued by Appellee at the hearing before the ABC Board. We are persuaded by the dissent to the court of appeals' decision that the courts should not consider grounds not presented to the agency because to do so would deny the agency the opportunity to consider the matter, make its ruling and express the reasons for its action. *Franklin v. Arkansas Dep't of Human Servs.*, 319 Ark. 468, 892 S.W.2d 262 (1995). It is not the function of the courts to make findings of fact with respect to issues raised for the first time on appeal. The trial court overturned the ABC Board's decision on grounds not raised in the hearing below, thereby improperly substituting its judgment for that of the agency. Because we conclude that there was substantial evidence to support the ABC Board's decision to grant the private-club permit to the lodge we reverse the judgment of the trial court and affirm the Board's decision.

IMBER, J., not participating.