984 S.W.2d 67 (1998)
64 Ark.App. 325
ARKANSAS BOARD OF REGISTRATION FOR PROFESSIONAL GEOLOGISTS, Appellant,
v.
Richard ACKLEY, Appellee.
No. CA 98-585.
Court of Appeals of Arkansas, Division II.
December 23, 1998.
*68 Winston Bryant, Atty. Gen., Karen Virginia Wallace, Asst. Atty. Gen., Little Rock, for appellant.
Guy Alton Wade, Little Rock, for appellee.
WENDELL L. GRIFFEN, Judge.
The Arkansas Board of Registration for Professional Geologists (hereinafter "Board") appeals from a February 6, 1998 decision in the Pulaski County Circuit Court, that directed the Board to approve Richard Ackley's application for registration as a professional geologist. The Board argues that its decision  that Ackley did not possess the statutory educational qualifications to be licensed  was not arbitrary and capricious. We disagree and affirm the decision of the circuit court with directions to enter an order that the Board issue Ackley's certificate of *69 registration forthwith, pursuant to Arkansas Code Annotated section 17-32-308 (Repl 1995).
Richard Ackley applied for registration as a licensed professional geologist with the Board on January 26, 1995. Ackley included with his application a transcript from Cornell University. That transcript shows that Ackley earned a Bachelor of Science degree in 1973 and that in January of 1974 he earned a Master's Degree in Civil Engineering. On September 21, 1995, the Board denied Ackley's application for registration, informed him in its denial letter that the denial was based on his failure to meet the educational requirements for certification, but stated that his application would be reviewed upon proof that he met the education requirements. In his response to this denial, Ackley obtained and submitted to the Board a letter from the Associate Director of the School of Civil and Environmental Engineering at Cornell in March 1996; the letter set forth that Ackley majored in "geotechnical engineering and geological engineering." Again, the Board denied Ackley's application for registration on May 9, 1996. In a letter dated July 1, 1996, the Board informed Ackley that his degrees did not meet statutory requirements. On September 19, 1996, Ackley spoke on his own behalf before the Board for consideration of his application. The Board delayed the reevaluation of Ackley's application until additional requested materials were supplied by Cornell University. On January 27, 1997, the Board again denied the application, on the grounds that Ackley did not meet the minimum educational requirements for registration and that the materials from Cornell did not support his claim of enough hours of credit leading to a major in geology. This finding was announced in a letter dated January 30, 1997.
Ackley appealed the Board's decision pursuant to Arkansas Code Annotated section 25-15-212 (Repl.1996) in Pulaski County Circuit Court, alleging that the Board's actions were arbitrary and capricious, and not supported by substantial evidence. The trial judge ruled in Ackley's favor on February 13, 1998, and ordered the Board to certify Ackley. On appeal, the Board argues that its decision was not arbitrary and capricious and that the denial of Ackley's application for license was supported by substantial evidence. The Board insists that Ackley did not meet the statutory educational requirements for licensing because he has neither the proper major nor the minimum number of hours of geological course work. On the other hand, Ackley argues that the Registrar at Cornell University certified that he majored in "Geological and Geotechnical Engineering." Because his major was in the proper field, Ackley argues that the minimum number of hours was irrelevant. Ackley contends that his transcript indicates his degree, which is not synonymous with his major.
In order to publicly practice geology in Arkansas, Arkansas Code Annotated section 17-32-301 (Repl.1995) requires a person to be registered as a professional geologist under state law. The statute governing registration as a professional geologist states:
(a) To be eligible for a certificate of registration, an applicant shall meet each of the following minimum qualifications:
. . . .
(2) Have graduated from an accredited college or university which has been approved by the board with a major in either geology, engineering geology, or geological engineering or have completed thirty (30) semester hours or forty-five (45) quarter hours, or the equivalent, in geological science courses leading to a major in geology.
Ark.Code Ann. § 17-32-304 (Repl.1995) (emphasis added). The statute requires that an applicant have majored in one of the three categories, or have completed a minimum number of hours towards a geology major; the two requirements are independent from one another.
The Board is subject to the Arkansas Administrative Procedure Act[1] (APA) according to Arkansas Code Annotated section 17-32-204 (Repl.1995). Under the Arkansas APA, a court may reverse or modify the agency decision if *70 the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the agency's statutory authority;
(3) Made upon unlawful procedure;
(4) Affected by other error or law;
(5) Not supported by substantial evidence of record; or
(6) Arbitrary, capricious, or characterized by abuse of discretion.
Ark.Code Ann. § 25-15-212(h) (Repl.1996). On appeal from circuit court, the appellate review of administrative decisions is directed to the decision of the administrative agency, rather than the decision of the circuit court. Arkansas Dep't of Human Servs. v. Thompson, 331 Ark. 181, 959 S.W.2d 46 (1998). When reviewing administrative decisions, the court reviews the entire record to determine whether there is any substantial evidence to support the agency's decision. Green v. Carder, 282 Ark. 239, 667 S.W.2d 660 (1984). Substantial evidence is "valid, legal, and persuasive evidence or such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moore v. King, 328 Ark. 639, 643, 945 S.W.2d 358, 360 (1997). An absence of substantial evidence is shown by demonstrating that the proof before the agency was "so nearly undisputed that fair-minded persons could not reach its conclusions." Moore, 328 Ark. at 643, 945 S.W.2d 358. The credibility and the weight of the evidence is within the agency's discretion. Moore, supra.
An agency's action is considered arbitrary and capricious where it is not supported on any rational basis; the party challenging the agency decision "must prove that such action was willful and unreasonable, without consideration and with a disregard of the facts or circumstances of the case." Moore, 328 Ark. at 644, 945 S.W.2d 358. Administrative agencies are better equipped than courts by specialization, insight through experience, and more flexible procedures to determine and analyze legal issues affecting their agencies; this recognition explains the limited scope of judicial review, and the refusal of a court to substitute its own judgment and discretion for that of an agency. Wright v. Arkansas State Plant Bd., 311 Ark. 125, 842 S.W.2d 42 (1992). However, this does not mean that an agency may go beyond the legitimate interpretation of a statute and substitute its own standards; rather, the legislative intent of the statute must be imposed. Kettell v. Johnson & Johnson, 337 F.Supp. 892 (E.D.Ark.1972).
The Board based its decision on an erroneous view of law that both the hours and the major were required, and that a major was the same as a degree. The plain language of the statute shows that certification is concerned with an applicant's major, not the label of his or her degree. Thus, the Board's zealous concern over Ackley's two degrees (Bachelor of Science and Master's in Civil Engineering), could not provide substantial evidence for the Board's denial of his application if the evidence shows that he has the proper major.
Throughout the process, the record shows that the Board construed a "major" to mean a "degree." It denied Ackley's application because he holds degrees issued through the Department of Civil Engineering at Cornell University. The first degree earned was a Bachelor of Science, with honors. The October 11, 1996 statement submitted to the Board from the Cornell University registrar certifies that Ackley received the Bachelor of Science degree on January 17, 1973, "with a major field of study in Geologic and Geotechnical Engineering." In the same statement, the Cornell registrar certified that Ackley was awarded the degree of Masters of Engineering "with a major field of study in Geologic and Geotechnical Engineering." Notwithstanding this clear evidence and the plain language of the statute, and despite the admission by one Board member that at the university he attended geology was under the department of civil engineering, the Board repeatedly denied Ackley's application to be certified a professional geologist because he did not hold a degree in geology, engineering geology, or geological engineering.
*71 We hold that the Board's denials of Ackley's application were not supported on any rational basis and, therefore, were arbitrary and capricious. Ackley received a Bachelor of Science, with honors, on January 17, 1973, and a Master's in Civil Engineering on January 23, 1974. A letter from Cornell University, dated October 11, 1996, certifies that both degrees were awarded with "a major field of study in Geologic & Geotechnical Engineering." Chairman Steele's comment that he contacted two individuals at Cornell who claimed that the letters from Cornell "should have read that [Ackley] has a concentration or an emphasis or a track in geology or geological engineering and not a major" shows that the Board obtained information from Cornell that Ackley had been educated in geological and geotechnical engineering. Evidence was presented that "geotechnical engineering" was "the application of scientific methods to problems in engineering geology." Although the Board contended during oral argument that a major in "geological and geotechnical engineering" did not fit the statutory requirement of a major in "geological engineering," no evidence in the record supports this interpretation. By conflating two independent means of meeting the statutory education requirements to mean that Ackley was required to possess a degree in geology, engineering geology, or geological engineering, the Board acted in a manner wholly inconsistent with the statute and the proof. The Board disregarded the facts and circumstances of this case and substituted its standard for the plain requirement in the statute. No fair-minded person could have reached the same conclusion as the Board did on these facts. It is unfortunate that Ackley has been forced to wait almost four years for his license and endure the disappointment, humiliation, and frustration of repeated denials due to what appears to be a form of professional protectionism by an agency dominated by members who hold degrees in geology rather than engineering.
The circuit court found that the Board's decision was arbitrary and capricious so that Ackley's license should issue. However, the court's comment when it issued its ruling suggested the Board could reanalyze Ackley's application in light of additional information, stating:
[T]he Court's of the opinion that the matter ought to be returned to the Board with directions to issue the license to the application, failing something more than is this record upon which they relied to deny the record. In other words, I don't want to foreclose the possibility that if there's something here [that] would prevent it. [Emphasis added.]
However, the Board has repeatedly considered Ackley's application. The sole basis given for its decisions denying licensure has been the Board's erroneous application of the statutory education requirements. Those determinations, although arbitrary and capricious, are nonetheless dispositive on whether Ackley meets all other conditions to be licensed as a professional geologist in Arkansas. Having completed its review of Ackley's application and limited the basis for denying licensure to its erroneous judgment about the education requirement, the Board has no basis in procedure, law, or public policy for reopening his file to determine whether Ackley may be disqualified on other grounds that it somehow neglected to identify over the years.
The decision of the circuit court is affirmed, with directions that the court enter a order requiring the Arkansas Board of Registration for Professional Geologists to grant Ackley his license forthwith in conformity with this opinion. See Arkansas State Bd. of Phar. v. Patrick, 243 Ark. 967, 423 S.W.2d 265 (1968).
Affirmed with directions.
MEADS and AREY, JJ., agree.
NOTES
[1] Ark.Code Ann. §§ 25-15-201 et. seq.