William K. WILLIAMS *v.* ARKANSAS STATE BOARD OF
PHYSICAL THERAPY

02-1117                                            120 S.W.3d 581

Supreme Court of Arkansas
Opinion delivered June 26, 2003

*Bobby D. McAllister, P.A.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Warren T. Readnour*, Ass't Att'y Gen., for appellee.

W H. "Dub" Arnold, Chief Justice. Appellant William K. Williams appeals a decision of the Jefferson County Circuit Court affirming appellee Arkansas State Board of Physical Therapy's ruling suspending the license of appellant to

practice physical therapy for a period of three months and placing appellant on probation for a period of nine months after the completion of the suspension. On appeal, appellant argues the following: (1) that the trial court erred in ruling the Board's decision, suspending the license of appellant for three months and then placing appellant on probation for nine months after reinstatement, was based upon substantial evidence and was not arbitrary, capricious nor characterized by an abuse of discretion; and (2) that the trial court erred in ruling appellant's counsel did not preserve for review the question of the constitutionality of Ark. Code Ann. § 17-93-308(a)(3) (Repl. 2002); alternatively, if that question was preserved, that said statute is not unconstitutionally vague. We affirm the decision of the Board as well as the trial court.

*Facts and Procedural History*

Appellant has been a licensed physical therapist since 1992. After practicing in a clinical setting for a period of time, appellant opened his own physical therapy business in 1993. Appellant did contract work for the Arkansas Department of Health, Baptist Hospital, and the Pulaski County Special School District. In March of 1998, he received a referral from the Arkansas Health Department In-Home Health Services to begin treating Brita Bullard, who was involved in a motor vehicle accident and had suffered a broken back and bone fractures in both legs.

In December of 1999, appellee Arkansas Board of Physical Therapy (hereinafter "Board") received a handwritten complaint written by Mr. Roger Bullard, husband of Brita Bullard. The complaint accused appellant of immoral and unprofessional conducts during and following the dates of treatment of Brita Bullard. After various written contact between the Board and appellant, the Board determined that a hearing should be held to determine whether appellant was in violation of Ark. Code Ann. § 17-93-308(a)(3), which states:

> (a) After due notice and hearing, the board may suspend, revoke, or refuse to renew the license of any person licensed under this chapter, or take other appropriate action against any person licensed under this chapter, who:
> (3) Is, in the judgment of the board, guilty of immoral or unprofessional conduct; . . .

On June 8, 2000, the Board conducted a hearing to ascertain whether appellant had committed unprofessional conduct in violation of Ark. Code Ann. § 17-93-308(a)(3). The Board heard testimony from Ms. Brita Bullard, Mr. Roger Bullard, Ms. Jennifer Coleman (Executive Director of the Board), and appellant. Appellant was represented by counsel during the Board hearing, who requested that "the Rule" be invoked to prevent witnesses from being influenced by other witnesses and tailoring their testimony to fit the other witnesses' testimony. Ark. R. Evid. 615. The Board denied appellant's request.

During the course of the Board hearing, Ms. Bullard testified that she and appellant hugged and kissed near the end of the term of the physical therapy. Appellant testified that there was no physical contact until approximately one or two weeks after the therapy ended. However, each of them testified that beginning about one and a half to two weeks after the therapy sessions concluded, they began a sexual relationship that continued for eighteen months until Mr. Bullard learned of the affair. Within twenty-four hours of Mr. Bullard learning of the relationship, the complaint in this case was sent to the Board.

At the conclusion of the hearing, the Board found that appellant had committed unprofessional conduct in violation of Ark. Code Ann. § 17-93-308(a)(3). The Board found the following: (1) that appellant made inappropriate comments and had inappropriate physical contact with Ms. Bullard while she was his patient; and, (2) that appellant engaged in sexual relations on one or more occasions with Ms. Bullard for a period of approximately seventeen months beginning on the day of her discharge from physical therapy. The Board specifically found that between March 9, 1998 and July 20, 1998, appellant had made inappropriate comments and inappropriate physical contact on one or more occasions with Brita Bullard. The Board further found that from July 20, 1998, through December 31, 1999, appellant engaged in sexual relations with Brita Bullard. Appellant argued to the Board that the State did not meet its burden because of the lack of credibility of the State's witnesses due to threats and coercion and the failure of the State to show a sexual relationship during the term of the treatment.

Appellant subsequently filed a petition for judicial review pursuant to the Administrative Procedure Act. Jefferson County

Circuit Court concluded that the decision of the Board was supported by substantial evidence and was not arbitrary, capricious, nor an abuse of discretion. The trial court further held appellant's argument that Ark. Code Ann. § 17-93-308(a)(3) is unconstitutionally vague was not preserved for review because the issue was not raised before the Board. Finally, the trial court found that, even assuming the argument was preserved, appellant failed to establish that the statute was unconstitutionally vague because a statute is presumed to be constitutional, and all doubts must be resolved in favor of constitutionality. *Hamilton v. Hamilton*, 317 Ark. 572, 879 S.W.2d 416 (1994).

*Standard of Review*

■ The standard of review regarding administrative decisions is well developed. Judicial review of a decision of the Arkansas Board of Physical Therapy is governed by the Arkansas Administrative Procedure Act (APA), Ark. Code Ann. § 25-15-212 (Supp. 1999). The appellate court's review is directed not toward the circuit court, but toward the decision of the agency. That is so because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *State Police Comm'n v. Smith*, 338 Ark. 354, 994 S.W.2d 456 (1999); *McQuay v. Arkansas State Board of Architects*, 337 Ark. 339, 989 S.W.2d 499 (1999); *Social Work Licensing Board v. Moncebaiz*, 332 Ark. 67, 962 S.W.2d 797 (1998); *Files v. Arkansas State Highway and Transportation Department*, 325 Ark. 291, 925 S.W.2d 404 (1996). Our review of administrative decisions is limited in scope. *McQuay, supra.* Such decisions will be upheld if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. *McQuay, supra; In re Sugarloaf Mining Co.*, 310 Ark. 772, 840 S.W.2d 172 (1992).

■ ■ We will not reverse the Board's decision if there is any substantial evidence to support it. *Arkansas Board Of Examiners v. Carlson*, 334 Ark. 614, 976 S.W.2d 934 (1998). Substantial evidence is evidence that is valid, legal, and persuasive and that a reasonable mind might accept to support a conclusion and force the mind to pass beyond speculation and conjecture. *Id.* The question is not whether the testimony would have supported a con-

trary finding, but whether it would support the finding that was made. *Id.* It is the prerogative of the board to believe or disbelieve any witness and to decide what weight to accord the evidence. *Id.* Similarly, the construction of a state statute by an administrative board or agency will not be overturned unless it is clearly wrong. *Thomas v. Arkansas Dep't of Human Servs.*, 319 Ark. 782, 894 S.W.2d 584 (1995). The appellant has the burden of proving that there is an absence of substantial evidence. *McQuay, supra.*

■ The party challenging the agency's action must prove that such action was willful and unreasonable, without consideration and with a disregard of the facts or circumstances of the case. *Moore v. King,* 328 Ark. 639, 945 S.W.2d 358 (1997); *Beverly Enter.-Ark., Inc. v. Arkansas Health Servs. Comm'n*, 308 Ark. 221, 824 S.W.2d 363 (1992). To establish an absence of substantial evidence to support the decision the challenging party must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusion. *State Police Comm. v. Smith,* 338 Ark. 354, 994 S.W.2d 456(1999); *Williams v. Scott,* 278 Ark. 453, 647 S.W.2d 115 (1983).

## Substantial Evidence

Appellant asks this court "to look to the question of whether the evidence heard by the Board was valid, legal, and persuasive." Appellant argues that, at the beginning of the hearing, appellant's counsel requested that witnesses be excluded from the hearing room, under Arkansas Rule of Evidence 615. Arkansas Rule of Evidence 615 states:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party that is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

Ark. R. Evid. 615 (2002). However, under Arkansas Rule of Evidence 101, the rules "govern proceedings in the courts of this State to the extent and with the exceptions stated in Rule 1101." Ark. R. Evid. 101 (2002). This court has acknowledged that the

rules of evidence are applicable to administrative proceedings, but are more relaxed. *Arkansas Cont. Lic. Bd. V. Butler Constr. Co.*, 295 Ark. 223, 748 S.W.2d 129 (1988). However, the Arkansas Freedom of Information Act expressly provides that except as otherwise provided for by law, all meetings of boards of the State of Arkansas shall be public meetings. Ark. Code Ann. § 25-19-106 (Repl. 2002). Appellant argues that this is a "dangerous practice," especially in this case where Brita Bullard had to testify of an affair in front of her husband.

Appellant also contends that Mr. Bullard wrote out the complaint based upon an original that Ms. Bullard had prepared. The original document written by Ms. Bullard was not produced at the Board hearing; therefore, appellant argues that no one knows whether the submitted complaint contained the same story as laid by Ms. Bullard. Appellant contends that Ms. Bullard's testimony failed to match the written complaint that her husband sent to the Board. Appellant states that Ms. Bullard testified that appellant never made any type of improper advance at her that she did not want to participate in and that she was a willing participant in the matter.

However, at the Board hearing, Ms. Bullard testified that she and appellant had engaged in intimate conversations about both of their marriages and sexual relationships; and, appellant told her that his wife was not very sexual and that she was not intimate with him. According to Ms. Bullard, appellant gave her his telephone number, and on the next Monday inquired why she had not called him over the weekend. Ms. Bullard testified that, after a couple of months of the physical therapy sessions, she and appellant engaged in kissing and hugging, and on the last day of therapy they engaged in "heavy petting" and "sexual physical contact." Ms. Bullard further testified that about one week after the therapy sessions had ended, she and appellant met and engaged in sexual intercourse.

After reviewing the evidence presented to the Board in this matter, we hold that there was substantial evidence to support the Board's decision. During the hearing, there was evidence produced that appellant and Ms. Bullard engaged in kissing, hugging, and heavy petting during the course of her treatment. There was also testimony that appellant made very intimate and personal comments to Ms. Bullard during her treatment, and the two had intercourse within at least two weeks of her final therapy session. It is the

authority of the Board to believe or disbelieve any witness and to decide what weight to accord the evidence. The Board chose to give greater weight to Ms. Bullard's testimony. Therefore, a reasonable mind could consider Ms. Bullard's testimony sufficient to show that appellant engaged in "unprofessional conduct" and sufficient to support the Board's conclusion; accordingly, there was substantial evidence to support the Board's decision.

■ The credibility and the weight of the evidence is within the administrative agency's discretion, and it is the prerogative of the agency to believe or disbelieve any witness and to decide what weight to accord that evidence. *McQuay, supra.* This court will not substitute its judgment for that of an administrative agency unless the decision of the agency is arbitrary and capricious. *McQuay, supra.* This standard is a narrower standard than that for substantial evidence. For an agency to be reversed as arbitrary and capricious, it must lack a rational basis or rely on a finding of fact based on an erroneous view of the law. *Moncebiaz, supra.* More than mere error is necessary to meet this test, and the party challenging the administrative action as arbitrary and capricious must prove that it was willful and unreasonable, without consideration and with a disregard of the facts or circumstances of the case. *Ramsey v. Department of Human Services,* 301 Ark. 285, 783 S.W.2d 361 (1990); *Moore, supra.* Where the agency's decision is supported by substantial evidence, it automatically follows that the decision cannot be classified as arbitrary and capricious. *Wright v. Arkansas State Plant Board,* 311 Ark. 125, 842 S.W.2d 42 (1992).

■ Here, the Board did not act in a "willful or unreasonable" manner without consideration for the facts in this case. The Board listened and observed the testimony of Ms. Bullard and reasonably found that appellant participated in "unprofessional conduct" by engaging in an intimate relationship with his patient, Brita Bullard. There was substantial evidence to support this decision; therefore, it is not arbitrary or capricious.

### Constitutionality of Ark. Code Ann. § 17-93-308(a)(3)

For appellant's second point on appeal, he argues that Ark. Code Ann. § 17-93-308(a)(3) is unconstitutionally vague. Specifically, appellant claims that this statute is unconstitutional because it unjustly deprives him of his license to practice physical therapy.

■ However, appellant is barred from raising this argument because he did not raise the issue before the Board. This court has held that it is essential that constitutional challenges of a statute be raised before the agency. *McQuay, supra; Barclay v. First Paris Holding Co.*, 344 Ark. 711, 42 S.W.3d 496 (2001). Here, appellant was afforded the order and notice of hearing stating that he had allegedly violated Ark. Code Ann. § 17-93-308(a)(3). Appellant did not object to such order and notice of hearing when they were admitted into evidence, nor did appellant object to the order and notice of hearing in his opening statement or during presentation of evidence. Therefore, appellant did not preserve this issue for appeal. In sum, we find no error. Accordingly, we affirm.

Affirmed.

CORBIN, J., not participating.