SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-283

| | |
|---|---|
| | **OPINION DELIVERED** SEPTEMBER 11, 2013 |
| KEVIN BREWER | |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRTEENTH DIVISION |
| V. | [NO. 60CV-2012-4077-13] |
| | HONORABLE COLLINS KILGORE, JUDGE |
| ARKANSAS SEX OFFENDER ASSESSMENT COMMITTEE | |
| APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Kevin Brewer appeals the January 29, 2013 order of the Pulaski County Circuit Court denying his request to change his status from community-notification Level 3 by default by the Arkansas Sex Offender Committee ("Committee") and the subsequent deemed-denied motion of reconsideration. He argues that the Level 3 risk-level assessment is not supported by substantial evidence, and, as a subset of that argument, that the results of the polygraph examination are incorrect, misleading, inconclusive, and contradictory to such an extent that the administrative record needs to be clarified and amended. We affirm.

Appellant was convicted of second-degree sexual assault in Honolulu Circuit Court, in Case No. CR94-0049, on September 3, 1997. The offense date was January 1, 1994, and the victim was a thirty-three-year-old stranger who was in the room with appellant's roommate in Hawaii.

Subsequently, on June 22, 1998, appellant was convicted of second-degree attempted murder in Clark County Circuit Court. That offense date was February 8, 1997, and the victim was appellant's ex-wife. She stated that she met appellant at his grandmother's house in order to allow appellant to have their children for weekend visitation. Appellant pulled the victim out of the car and physically assaulted her. He then pointed a pistol at her face and pulled the trigger, but she suffered no actual physical injury from the incident.

Appellant was also convicted of failure to register as a sex offender in Arkansas on February 9, 2010. At the time of his community-notification level assessment, appellant reported that he had filed an appeal challenging the requirement that he register and contended that he had not been required to register in Hawaii. Appellant stated during the assessment that he had consistently registered as a sex offender in Arkansas beginning February 9, 1998, and continuing until he moved to South Africa in 2004. He admitted that upon returning to Arkansas from South Africa in 2007, he did not register as a sex offender.

During his reassessment, appellant submitted to a polygraph examination on April 17, 2012. During that examination he revealed additional violent criminal actions. He said that the most violent act that he has ever committed was when he stabbed an adult female, which occurred when he was living in South Africa.

The Sex Offender Screening and Risk Assessment ("SOSRA") unit determined appellant's community-notification level to be a Level 3. Appellant sought and received an administrative review of that decision by the Committee. The Committee upheld the community-notification Level 3 decision, after which appellant sought judicial review in

Pulaski County Circuit Court. The circuit court upheld the Committee's assessment of a community-notification Level 3, and appellant filed a motion for reconsideration, which was deemed denied.

This court has held that pro se appellants receive no special consideration of their argument and are held to the same standard as a licensed attorney. *Hayes v. Otto*, 2009 Ark. App. 654, 344 S.W.3d 689; *see also Bell v. Bank of Am., N.A.*, 2012 Ark. App. 445, ___ S.W.3d ___; *Light v. Duvall*, 2011 Ark. App. 535, 385 S.W.3d 399. Judicial review of the decision by the Committee concerning the assigned community-notification level is governed by the Administrative Procedure Act ("APA"). Ark. Code Ann. §§ 25-15-201 to -217. The limited scope of judicial review pursuant to the APA is premised on the recognition that administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *Williams v. Ark. State Bd. of Physical Therapy*, 353 Ark. 778, 120 S.W.3d 581 (2003).

It is not the role of the circuit courts or the appellate courts to conduct a de novo review of the record; rather, review is limited to ascertaining whether there is substantial evidence to support the Committee's decision or whether the decision runs afoul of one of the other criteria set out in section 25-15-212(h). *See Arkansas Bd. of Exam'rs v. Carlson*, 334 Ark. 614, 976 S.W.2d 934 (1998). In reviewing the record, the evidence is given its strongest probative force in favor of the Committee's ruling. *Arkansas Soil & Water Conservation Comm'n v. City of Bentonville*, 351 Ark. 289, 92 S.W.3d 47 (2002).

3

The petitioner has the burden of proving that there is an absence of substantial evidence. *McQuay v. Ark. State Bd. of Architects*, 337 Ark. 339, 989 S.W.2d 499 (1999). Substantial evidence is evidence that is valid, legal, and persuasive and that a reasonable mind might accept to support a conclusion and force the mind to pass beyond speculation and conjecture. *Carlson, supra.* The question is not whether the testimony would have supported a contrary finding, but whether it would support the finding that was made. *Id.* It is the prerogative of the board to believe or disbelieve any witness and to decide what weight to accord the evidence. *Id.*

Appellant's brief simply states that he reiterates his argument previously presented to the circuit court and asks this court to review that argument as the argument submitted on this appeal. Because the only substantial question on appeal is sufficiency and because the Committee's opinion adequately explains its decision, we affirm by this memorandum opinion pursuant to sections (a) and (b) of our per curiam, *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985).

Affirmed.

WALMSLEY and HARRISON, JJ., agree.

*Kevin Brewer*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Amy L. Ford*, Ass't Att'y Gen., for appellee.