Waymond M. Brown, Judge, dissenting. I strongly disagree with the majority’s decision to reverse and remand for the Board to make specific findings of fact and conclusions of law, as the findings and conclusions are sufficiently clear to determine the basis for the Board’s decision to revoke the surveyor’s license of Callicott. The majority correctly states that the Arkansas Administrative Procedure Act (APA) requires that an administrative adjudication be accompanied by specific findings of fact and conclusions of law. Ark. Code Ann. § 25-15-210 (Repl. 2014). The APA further states the following: 2 (2) A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. The threshold question in a case brought to court from an administrative agency is whethér the agency has provided concise and explicit findihgs of fact and conclusions of law, separately stated in its order. Olsten Health Services, Inc. v. Arkansas Health Services Com’n, 69 Ark. App. 313, 12 S.W.3d 656 (2000). Here, the Board did just that. The findings of fact and conclusions of law were specifically and separately stated in the Order as follows: FINDINGS OF FACT FI. At all times relevant to the complaint, the Respondent was a Professional Surveyor licensed by Board, and the Board , has jurisdiction over his conduct. | UF2. Complainant Charles McGowan has -an' interest in a parcel of land in Ouachita County. McGowan desired to have the parcel boundaries marked on the ground, according to the survey plat and legal description under which he held title. F3. McGowan engaged the Respondent to perform-the desired work, F4. McGowan met the Respondent on the parcel on April 16, 2013, to discuss what work was to be done. During that meeting, McGowan gave the Respondent a check for $1000, the agreed price for the proposed survey work. F5. McGowan asserts the check was cashed on April 19, 2013. The Respondent does not dispute this fact. , F6. McGowan asserts that the agreed work has never been completed. The Respondent does not dispute that the agreed work has never been completed. F7. McGowan asserts that the Respondent made no attempt to contact him, or explain the delay, or make other arrangements, nor did the Respondent respond to repeated attempts by McGowan to contact him, from April 19, 2013 until the complaint was brought before the Board. F8. During the course of the investigation, the Respondent refused to provide pertinent information about the complaint that was requested by the Board’s investigator. CONCLUSIONS OF LAW Cl. The conduct of the Respondent, as set forth above in the Findings of Fact, constitutes one count of engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public, in violation of Arkansas Code Annotated § 17-48-205. C2. The conduct of the Respondent, as set forth above in the Findings of Fact, constitutes one count of failing to faithfully serve the legitimate, interest of his client, in violation of the preamble of the Rules of Professional Conduct. C3. The conduct of the Respondent, as set forth above in the Findings of Fact, constitutes one count of failing to provide information requested by the board as a result of a formal or informal complaint to the board, in violation of Arkansas Code Annotated § 17-48-205. hfiThe Board’s order complied with the requirements of the APA. The findings and conclusions are obvious. What more does the majority need the Board to find? The Tacts of the case are simple. Callicott was hired by McGowan to survey a parcel of land. McGowan paid Callicott $1000 to perform the work. Callicott failed to perform ■ the work and provide the survey. Callicott did not communicate with McGowan at all over the course of 10 weeks, until the time that McGowan filed a complaint with the Board. Callicott failed to cooperate and provide necessary information to the Board throughout the investigation. The majority contends that the order contains no clear and specific findings because of the use of the word “asserts.” How much more clear and specific could the Board have been? The findings are listed under a bold heading in all capital letters titled 4 “FINDINGS OF FACT.” It is not a far leap to understand that what the Board listed under this heading are indeed their findings of fact. The Board’s unfortunate use of the word “asserts” in three of the eight enumerated findings of fact does not in any way disqualify them from being facts, as clearly intended by the Board, when it placed them under such a heading. The same is true for “CONCLUSIONS OF LAW.” The majority states that the Board’s order fails to detail what it found to have actually happened. How is that possible? Even a blind man can see what happened here. Callicott did not perform the work he was paid to do. The findings of fact make that blatantly obvious. Are we really going to grind the wheels of justice to a screeching halt because of the majority’s belief that the Board failed to use magical language in stating their findings of fact? Surely, this is not the outcome or application envisioned by the APA. -| ^Furthermore the requirement that underlying facts supporting findings be concisely and explicitly stated is primarily for the benefit -of reviewing courts. Ark. Sav. & Loan Ass’n Bd. v. Central Ark. Sav. & Loan Ass’n, 256 Ark. 846, 510 S.W.2d 872 (1974). In Nesterenko v. Arkansas Bd. of Chiropractic Examiners, this court reversed and remanded for more specific findings of fact, stating that without more specific findings, we are left to guess how and which part of the regulation the Board determined that appellant had violated. 76 Ark. App. 561, 69 S.W.3d 459 (2002). That is not the case here. We know the how and which because it is listed in the Board’s order under the appropriate headings. There is no guess work to be done. Accordingly, upon 5 determining that the Board’s findings of fact and conclusions of law are sufficient, I would affirm the Board’s finding that Callicott violated the rules applicable to professional surveyors. A party challenging an administrative action as arbitrary and capricious must prove .that it was willful and unreasonable, without consideration and with a disregard of the facts or circumstances of the case. Hester v. Ark. Prof'l Bail Bondsman Licensing Bd., 2011 Ark. App. 389, 383 S.W.3d 925. An agency’s decision cannot be arbitrary and capricious when it is supr ported by substantial evidence. Olsten, 69 Ark. App. 313, 12 S.W.3d 656. The Board, having found that Callicott violated multiple sections of Arkansas Code Annotated § 17-48-205, revoked his surveyor’s license- and fined him $1000. Because the Board had substantial evidence to support the findings and violations, the penalties that it imposed on Cal-licott cannot be arbitrary and capricious. Further, “administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to. determine and analyze legal issues affecting their agencies.” Williams v. Ark. State Bd. of Physical Therapy, 353 Ark. 778, 782, 120 S.W.3d 581, 584 (2003). The agency is better acquainted with the standards" of conduct expected of professional surveyors. It is the agency, • not this court, that can fully evaluate and appreciate the seriousness of the violations by those of the profession. Hence, it is the agency’s prerogative to impose the penalty that it deems proper. 6 I would affirm.