Richard WEISS, Director of Arkansas Department of Finance & Administration *v.* Charles R. MAPLES, on Behalf of Himself & All Taxpayers Similarly Situated

06-742                                                                 253 S.W.3d 907

Supreme Court of Arkansas
Opinion delivered March 22, 2007

*Revenue Legal Counsel,* by: *William E. Keadle,* for appellant.

*Nichols & Campbell, P.A.,* by: *Mark W. Nichols,* for appellees.

Tᴏᴍ Gʟᴀᴢᴇ, Justice. This case concerns the constitutionality of the Emergency Income Tax Rule 2003-4 ("Emergency Rule"), adopted by the Department of Finance and Administration (DF&A) on August 29, 2003, and applied in tax years 2003 and 2004. Appellee Charles R. Maples, on behalf of himself and all taxpayers similarly situated, filed this illegal-exaction lawsuit, claiming that the Emergency Rule violated the separation-of-powers doctrine and was unconstitutional. The circuit court agreed and ordered a refund to those who, like Maples, were improperly taxed in 2003 and 2004. On appeal, Appellant Richard Weiss, in his capacity as director of DF&A, contends that the circuit court erred in determining that the Emergency Rule was unconstitutional. We affirm.

To understand the development of this case, some background information is necessary. In *Weiss v. McFadden,* 353 Ark. 868, 120 S.W.3d 545 (2003) (*McFadden I*), this court declared Ark. Code Ann. § 26-51-307(c) (Supp. 2003) to be unconstitutional. The statutory provision at issue stated that no recipient of benefits from an individual retirement account or from public or private employment-related retirement systems, plans, or programs was allowed to deduct or recover his or her cost of contribution in the plan when computing his income for state income tax purposes. In *Weiss v. McFadden,* 356 Ark. 123, 148 S.W.3d 248 (2004) (*McFadden II*), this court addressed the appropriate remedy or mechanism

for the tax refund resulting from *McFadden I.* In *Weiss v. McFadden,* 360 Ark. 76, 199 S.W.3d 649 (2004) (*McFadden III*), the issue was, again, the mechanism for the tax refund.

After *McFadden I,* but before *McFadden II* and *III* were decided, DF&A enacted Emergency Income Tax Rule 2003-4. The Emergency Rule stated in relevant part:

> 1. For tax years beginning January 1, 2003, and thereafter, individual recipients of benefits from a public or private employment-related retirement system, plan or program shall be allowed to deduct or recover their cost of contribution in the plan when computing income for state income tax purposes.
>
> 2. The deduction allowed for Arkansas state income tax purposes for cost of contribution for each tax year shall be the same amount as allowed as a deduction for cost of contribution for federal income tax purposes for the same tax year pursuant to Internal Revenue Code Section 72 as in effect on July 1, 2003.

However, at that time, Ark. Code Ann. § 26-51-404(b)(24) (Supp. 2003) provided that annuity income from *employment-related* retirement plans should be taxed in accordance with Ark. Code Ann. § 26-51-307. *See* § 26-51-404(b)(24)(B).

On March 29, 2004, Maples, on behalf of himself and all taxpayers similarly situated, filed the instant illegal-exaction action in Pulaski County Circuit Court. Maples contributed money previously taxed ("after-tax contribution") by the State to a public or private employment-related retirement system, plan or program. He received an annuity income from that retirement plan in tax years 2003 and 2004. For those tax years, Maples was bound by the Emergency Rule, requiring that annuity income from employment-related retirement plans be taxed in accordance with Internal Revenue Code § 72. Maples's illegal-exaction suit requested that the Emergency Rule be declared illegal and unconstitutional, because it conflicted with Ark. Code Ann. § 26-51-404(b)(24). Weiss responded, contending that there was no conflict between the Emergency Rule and our statutory law. Both parties filed motions for summary judgment. In response to Maples's undisputed facts, Weiss admitted the following:

> [T]he Department of Finance and Administration used [the] Emergency Income Tax Rule 2003-4, in conjunction with Ark. Code Ann.

§ 26-51-414, *to determine [Maples's] Arkansas income tax liabilities for tax years 2003 and 2004*, but that either source of authority was sufficient to mandate the use of [Internal Revenue Code] § 72 for those years.

(Emphasis added.) The circuit court eventually entered an order granting Maples's motion for summary judgment and denying Weiss's motion. In the order, the circuit court concluded that the Emergency Rule was directly contrary to Ark. Code Ann. § 26-51-404(b)(24)(B). As a result, the court ordered Weiss to refund the income taxes for tax years 2003 and 2004. From this order, Weiss filed a timely notice of appeal.

Summary judgment is a remedy that should only be granted when there are no genuine issues of material fact to litigate and when the case can be decided as a matter of law. *Norris v. Baker*, 320 Ark. 629, 899 S.W.2d 70 (1995). Here, there are no factual issues in dispute; judgment can be entered as a matter of law. Moreover, we review issues of constitutional interpretation *de novo*, as it is for us to decide the meaning of a statute. *Brewer v. Fergus*, 348 Ark. 577, 581, 79 S.W.3d 831 (2002). In the absence of a showing that the circuit court erred in its interpretation of the law, the interpretation will be accepted as correct on appeal. *Id.*

In 2003 and 2004, Ark. Code Ann. § 26-51-404(b)(24) provided:

(A) *Sections 72(a), (b), and (c)* of the Internal Revenue Code of 1986, as in effect on January 1, 2001, *relating to the exclusion from gross income of certain proceeds received under non employment-related* life insurance, endowment, *and annuity contracts*, is hereby adopted for the purpose of computing Arkansas income tax liability.

(B) *Annuity income received through an employment-related retirement plan shall not be subject* to the provisions of *§ 26-51-404(b). The income shall instead be subject to the retirement income provisions of § 26-51-307.*

Ark. Code Ann. § 26-51-404(b)(24) (Supp. 2003) (emphasis added).[1] Under this provision, § 26-51-404(b)(24)(B) expressly directs that

---

[1] During the 2005 legislative session, the General Assembly passed Act 189 of 2005, which amended Ark. Code Ann. §§ 26-51-307 and 26-51-404. These amended statutes now

§ 72 of the Internal Revenue Code does not apply to annuity income received from an employment-retirement plan; instead, such income should be taxed in accordance with Ark. Code Ann. § 26-51-307. In contrast, the Emergency Rule states that annuity income received from an employment-retirement plan should be taxed in accordance with § 72 of the Internal Revenue Code. In his undisputed facts, Weiss admits that the Emergency Rule applied to Maples, but Weiss contends that DF&A was allowed to do so. Weiss's argument is that § 26-51-404(b) did not expressly prohibit the use of Internal Revenue Code § 72; rather, that section simply stated that taxpayers must use § 26-51-307. Weiss asserts that subsection (c) became a nullity after § 26-51-307(c) was declared unconstitutional in *McFadden I*, leaving only the remaining part of § 26-51-307 intact. Thus, Weiss contends that, although § 26-51-307 was still intact, "the statute was not clear on how to allow cost recovery under employment-related . . . annuity contracts." Thus, Weiss's argument is that, because neither § 26-51-404(b)(24)(B) nor § 26-51-307 *after McFadden I* contained express prohibitions against the use of § 72, the Emergency Rule is constitutional. We must disagree.

The basic rule of statutory construction is to give effect to the intent of the legislature. *Ainsworth v. State,* 367 Ark. 353, 240 S.W.3d 105 (2006); *Arkansas Dep't of Econ. Dev. v. William J. Clinton Presidential Found.,* 364 Ark. 40, 216 S.W.3d 119 (2005). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id.* However, when a statute is ambiguous, we must interpret it according to the legislative intent, and our review becomes an examination of the whole act. *Id.* We reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Id.* We also look to the legislative history, the language, and the subject matter involved. *Id.* Additionally, statutes relating to the same subject are said to be

provide that § 72 of the Internal Revenue Code applies to annuity income received from an employment-retirement plan. However, those 2005 amendments are not at issue in the instant appeal.

*in pari materia* and should be read in a harmonious manner, if possible. *Id.* Remaining mindful of these tools of statutory interpretation, we turn to the case at hand.

In *McFadden II*, we held in relevant part:

> In *[McFadden] I* we held that both Ark. Code Ann. § 26-51-404(b)(24)(B) and § 26-51-307 are plain and unambiguous and we gave these statutes their plain meaning. The express terms of § 26-51-404(b)(24)(A) clearly state that *nonemployment-related* retirement plans are covered under IRS Code § 72, while the express terms of § 26-51-404(b)(24)(B) clearly state that *employment-related* retirement plans are subject to § 26-51-307. *The retirement plans at issue are employment-related; therefore, § 26-51-307 governs them.*
>
> Subsection (c) of § 26-51-307 was the only subsection of the statute that addressed recovery of after-tax contributions. With the invalidation of subsection (c), the DF & A urges that a "void" now exists in the tax code with regard to after-tax contributions in employment-related retirement plans. The DF & A argues that the trial court should have applied § 72 to fill that "void" because, as it states in its argument, "it is logical to *assume* the General Assembly *would have intended*" for § 72 to be used as a guide.
>
> *There is nothing in § 26-51-307 to indicate that the General Assembly intended that § 72 be applied to recovery of after-tax contributions in employment-related retirement plans. We will not read into a statute a provision not put there by the General Assembly. Neeve v. City of Caddo Valley,* 351 Ark. 235, 91 S.W.3d 71 (2002); *State v. Goss,* 344 Ark. 523, 42 S.W.3d 440 (2001). We thus hold that the trial court did not err in refusing to apply 26 U.S.C. § 72 to employment-related retirement plans.

*Weiss v. McFadden,* 356 Ark. at 132, 148 S.W.3d at 254 (emphasis added). In this case, when read in its entirety, § 26-51-404(b)(24) indicates that § 72 is not appropriate for use under subsection (b)(24)(B). Under these provisions, the General Assembly could not have been more clear that, at that time, § 72 should not apply to annuity income relating to *employment-related* retirement plans. While § 72 applied to the proceeds received under *non-employment-*related annuity contracts, *see* § 26-51-404(b)(24)(A), the General Assembly had something else in mind with respect to annuity income relating to *employment-related* retirement plans; that is, that it wanted another

provision of our statute to apply instead of § 72. *See* § 26-51-404(b)(24)(B). As we noted above in *McFadden I* and *McFadden II*, § 26-51-404(b)(24)(B) is plain and unambiguous. Moreover, as quoted above, *McFadden II* clearly held that there is nothing to indicate that the General Assembly intended that § 72 be applied to recovery of after-tax contributions in employment-related retirement plans, and we refused to read into the statute a provision not put there by the General Assembly. *McFadden II , supra.*[2]

■ Likewise, here, regardless of the status of § 26-51-307 after *McFadden I*, the General Assembly made it clear that § 72 of the Internal Revenue Code should not apply to annuity income received from *employment-related* retirement plans. The circuit court correctly determined that the Emergency Rule was in conflict with § 26-51-404(b)(24)(B).[3]

For his final point on appeal, Weiss argues that the circuit court erred in finding that the Emergency Rule violates the separation-of-powers doctrine and is therefore unconstitutional. Recently, in *Arkansas Department of Human Services v. Howard*, 367 Ark. 55, 238 S.W.3d 1 (2006), we explained that our government is composed of three separate independent branches: legislative, executive and judicial. Each branch has certain specified powers delegated to it. *Id.* The legislative branch of the State government has the power and responsibility to proclaim the law through statutory enactments. *Id.* The judicial branch has the power and responsibility to interpret the legislative enactments. *Id.* The executive branch has the power and responsibility to enforce the laws as enacted and interpreted by the other two branches. *Id.* The "Separation-of-Powers Doctrine" is a basic principle upon which our government is founded, and should not be violated or abridged. *Id.*

Arkansas Code Annotated § 19-1-208 provides:

---

[2] Weiss argues that our language from *McFadden II* on § 72's interaction with § 26-51-307 and § 26-51-404(b)(24) does not apply here because that conclusion in *McFadden II* only applied to tax years 1999-2002. However, that argument is without merit because the relevant parts of these statutes were not amended until 2005.

[3] Despite Weiss's argument to the contrary, our decision in *McFadden III* did not approve the use of § 72; rather, we affirmed the equitable remedy fashioned by the circuit court in its application of the voluntary-payment rule for tax years prior to 1999.

> The director of the Department of Finance and Administration is vested with the authority to make such reasonable rules and regulations, *not inconsistent with the law*, as shall be necessary or desirable for the orderly discharge of the duties vested in the Department of Finance and Administration.

*Id.* (emphasis added). Thus, any rule or regulation adopted by the director of the DF&A must be consistent with the law. *See id.* Stated simply, if a rule or regulation is inconsistent with the law, the director acted beyond his or her statutory authority. *Id.*

As stated in the above section, in 2003 and 2004, § 26-51-404(b)(24)(B) plainly indicated that § 72 of the Internal Revenue Code does not apply to annuity income received from employment-related retirement plans. In contrast, the Emergency Rule provided that § 72 of the Internal Revenue Code would apply to annuity income received from employment-related retirement plans. Because an inconsistency existed, the Emergency Rule is "inconsistent with the law," and "infringe[s] a legislative function." Accordingly, the Emergency Rule is outside the scope of Weiss's rule-making authority as set forth in § 19-1-208. *See also State v. Burnett*, 200 Ark. 655, 140 S.W.2d 673 (1940)(holding that the Commissioner of Revenues had no right to promulgate a rule contrary to statute). Consequently, we also affirm the circuit court's holding that the Emergency Rule violated the separation-of-powers doctrine and is, thus, unconstitutional.

Affirmed.