2009 Ark. 361

**SEIZ COMPANY, d/b/a Seiz Sign Company, Appellant,**

v.

**ARKANSAS STATE HIGHWAY AND TRANSPORTATION DEPART-MENT, Appellee.**

No. 09–46.

Supreme Court of Arkansas.

June 18, 2009.

Quattlebaum, Grooms, Tull & Burrow, PLLC, by: John E. Tull III, Little Rock, and Brandon B. Cate, Springdale, for appellant.

Robert L. Wilson, Chief Counsel, and Michelle L. Davenport, Staff Attorney, Arkansas Highway & Transp. Dep't, Little Rock, for appellee.

JIM GUNTER, Justice.

Appellant, Seiz Sign Company, appeals the decision of the circuit court affirming the Arkansas Highway and Transportation Department's (AHTD) denial of appellant's application for a billboard sign permit. On appeal, appellant asserts that the AHTD has incorrectly interpreted Ark.Code Ann. § 27–74–210 (Repl.1994) and that there was no substantial evidence supporting the denial of the application. As this case raises an issue of statutory interpretation, this court has jurisdiction pursuant to Ark. Sup.Ct. R. 1–2(b)(6). We affirm the denial of appellant's application.

On February 28, 2005, appellant filed an application for a permit to construct a billboard on Highway 70 in Saline County. On April 20, 2005, appellant's application was denied by the AHTD for the following reasons: (1) the proposed billboard site was not located in a zoned or unzoned commercial or industrial area as required by Ark.Code Ann. § 27–74–204(a)(2) (Repl. 1994) and the Regulations for Control of Outdoor Advertising on Arkansas Highways (the Regulations), and (2) the proposed billboard site was located in a predominately residential area, and such signs are prohibited in those areas pursuant to Paragraph I.H.2 of the Regulations. A hearing before an AHTD hearing officer was held on June 16, 2005. On May 3, 2006, the denial of appellant's application was affirmed.

Appellant filed a petition for review in the Pulaski County Circuit Court, and a hearing was held on November 29, 2007. In an order filed October 14, 2008, the circuit court found that AHTD's decision was supported by substantial evidence and affirmed the denial of the application. Appellant then filed a timely notice of appeal.

Review of administrative agency decisions, by both the circuit court and appellate courts, is limited in scope. *Nash v. Ark. Elevator Safety Bd.*, 370 Ark. 345, 259 S.W.3d 421 (2007). The standard of review to be used by both the circuit court and the appellate court is whether there is substantial evidence to support the agency's findings. *Id.* The appellate court's review is directed, not toward the circuit court, but toward the decision of the agency, because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *Staton v. Ark. State Bd. of Collection Agencies*, 372 Ark. 387, 277 S.W.3d 190 (2008). When reviewing such decisions, we uphold them if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. *Id.* We review issues of statutory interpretation de novo, *City of Ft. Smith v. Carter*, 372 Ark. 93, 270 S.W.3d 822 (2008); however, the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong. *Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002).

Arkansas Code Annotated section 27–74–204(a) provides that billboards may be erected (1) within those areas zoned industrial or commercial under state law, or (2) within unzoned commercial or industrial areas that are determined by agreement between the State Highway Commission (Commission) and the United States Secretary of Transportation. Section 27–74–211(b) (Repl.1994) provides that the definition of an unzoned commercial or industri-

al area shall be determined by agreement between the Commission and the Secretary of Transportation but shall be no more restrictive than that required by Title 23 of the U.S.Code. Title 23 defines unzoned commercial or industrial areas as unzoned areas actually used for commercial or industrial purposes as defined in the agreements between the Secretary of Transportation and each state. 23 C.F.R. § 750.703(*l*) (2008). Page Five, Paragraph I.H of the Regulations defines unzoned commercial, business, or industrial areas as

> [T]he land occupied by the regularly used building, parking lot, and storage or processing area of a commercial, business, or industrial activity, and that land within 600 feet thereof on both sides of the highway. The unzoned land shall not include:
>
> 1. Land on the opposite side of an interstate or primary freeway highway from an unzoned commercial, business, or industrial area, as defined above.
> 2. Land predominantly used for residential purposes.
> 3. Land zoned by state or local law, regulation, or ordinance.
> 4. Land on the opposite side of a non-freeway primary highway which is deemed scenic by the State Highway Department.

Page Five, Paragraph F defines commercial or industrial activities to include those activities generally recognized as commercial or industrial by public zoning authorities in Arkansas, and that are visible from the main road, but not those that are more than 660 feet from the nearest edge of the right-of-way. And finally, Ark.Code Ann. § 27–74–210(b) defines "land predominately used for residential purposes" as

> only those tracts of land within an unzoned commercial, business, or industri-

al area on a primary or interstate highway which are occupied by a building regularly and principally used as a residence and those tracts of land adjacent to those residential tracts which are under the same ownership as the residential tracts and which are actively used and maintained for residential purposes.

In this present case, there is no dispute that the proposed billboard site is within an unzoned area with regular commercial activity present and that the commercial activity is visible from the road and within 660 feet of the road. The dispute in this case centers on how the second exclusion in Paragraph I.H, the "land predominately used for residential purposes," should be interpreted.

Applying the above statutory and regulatory parameters in deciding whether a billboard may be erected at a certain site, the AHTD first determines whether the area is a zoned or unzoned commercial, business, or industrial area. If the area is an unzoned area with commercial activity on site, then the character of the entire surrounding area (600 feet on each side, 660 feet back), is determined. Within this area, there cannot be more residential properties than commercial, or the land will be deemed "predominately used for residential purposes" and a billboard will not be allowed on the site.

For his first point on appeal, appellant asserts that this interpretation is clearly wrong. Appellant contends that the AHTD has incorrectly applied the exclusion in paragraph H.2 and argues that the application of the exclusion should serve to reduce the overall size of the unzoned commercial area but not to eliminate the entire area as being a permissible site for the erection of a billboard. Addressing the exclusions found in paragraph H, appellant explains that H.1 and H.4 both serve to eliminate the land on the opposite side of

the road from being an eligible site for a billboard. At the administrative hearing, an AHTD representative agreed that the application of the H.1 and H.4 exclusions "cut the size of the unzoned area in half as far as an acceptable building site for a billboard." The exclusion in H.3 addresses the situation where zoning lines bisect the proposed unzoned area, and although the application of this particular exclusion is not at issue on appeal, the AHTD explained at the administrative hearing that a zoned area would decrease the available space within the unzoned area in which to erect a billboard. Finally, in addressing the exclusion under H.2, that the area shall not include "land predominately used for residential purposes," appellant argues that this exclusion should function just as the other exclusions, namely by reducing the size of the unzoned area but not disqualifying the entire area from consideration.

Appellant asserts that, in determining that the proposed site was not located in a zoned or unzoned commercial area and was instead located in a predominantly residential area, the AHTD misapplied the exclusion in H.2 and mistakenly applied a "rule of thumb" analysis by comparing the number of residences to the number of commercial properties within the proposed site. Under this "rule of thumb," if there are more houses than businesses in an area, the area will be considered predominately residential. Appellant contends that this analysis demonstrates an incorrect interpretation of the Regulations and is fundamentally at odds with the plain language of § 27–74–210.

First, appellant notes that the "rule of thumb" is not actually an official rule promulgated by the legislature or the AHTD. Second, appellant contends that using this "rule" requires the H.2 exclusion to operate in a different manner than the other exclusions in Paragraph H, because application of the other exclusions does not change the nature of the entire unzoned area but instead excludes certain land from the overall area. Appellant urges that, pursuant to the H.2 exclusion, the "land predominately used for residential purposes" should be taken out of the overall area and not be considered a proper site for a billboard, but the other land within the unzoned area could still be properly considered. In addition, appellant contends that to apply the exclusion as the AHTD has done would make the definition of an unzoned commercial or industrial area more restrictive than the federal standard, which would violate § 27–74–211.

Appellant also cites the doctrine of *noscitur a sociis*, which holds that the meaning of an unclear word or phrase should be determined by the words immediately surrounding it. *Black's Law Dictionary* 1087 (8th ed.2004). Applied to statutory construction, this doctrine dictates that we interpret related statutory provisions on the assumption that they each operate in the same manner, and courts may conclude that the Legislature would not intend one subsection of a subdivision of a statute to operate in a manner " 'markedly dissimilar' " from other provisions in the same list or subdivision. *Grafton Partners L.P. v. Superior Court*, 36 Cal.4th 944, 32 Cal.Rptr.3d 5, 116 P.3d 479 (2005) (citing *People ex rel. Lungren v. Superior Court*, 14 Cal.4th 294, 58 Cal. Rptr.2d 855, 926 P.2d 1042 (1996)). *See also Weiss v. Maples*, 369 Ark. 282, 253 S.W.3d 907 (2007) (explaining that we reconcile statutory provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part).

In addition, appellant asserts that under the plain language of § 27–74–210, which defines "land predominately used for residential purposes," it is clear that the

AHTD should exclude only those specific residential "tracts of land" within the "unzoned commercial, business, or industrial area," and the remaining area is not rendered an impermissible site on which to erect a billboard. To instead apply the "rule of thumb" analysis clearly contradicts this statutory language. Appellant emphasizes the distinction between "area" and "land" in the statutes and regulations and argues that AHTD is incorrectly using the words interchangeably; according to appellant, pursuant to both § 27–74–210 and the H.2 exclusion, it is clear that the unzoned "area" will not include the "land" primarily used for residential purposes.

■ Based upon the language of Paragraph I.H.2, this court discerns two possible interpretations: one, if there is *any* land within the proposed area that is predominantly used for residential purposes, the area is ineligible for a billboard; and two, if the overall land within the area is predominately used for residential purposes, the area is ineligible for a billboard. Both of these interpretations are congruent with the Arkansas Highway Beautification Act's stated purpose of preserving the natural beauty of the State and promoting the reasonable, orderly, and effective display of outdoor advertising. *See* Ark.Code Ann. § 27–74–201(a). The former interpretation is obviously more restrictive; however, AHTD has chosen to use the latter interpretation, as evidenced by the "rule of thumb" analysis it applies to proposed sites. This court concludes that it cannot agree with appellant's alternative interpretation of the statute and corresponding regulations. Appellant's proposed interpretation ignores the meaning of Paragraph H as a whole and would operate contrary to the intent of the Highway Beautification Act, which is to preserve pastoral scenery and eliminate disharmonious advertising. *See Yarbrough v.*

*Ark. State Highway Comm'n,* 260 Ark. 161, 166, 539 S.W.2d 419, 423 (1976). Pursuant to this finding, we cite with approval the decision of the court of appeals in *Lamar Outdoor Advertising v. Ark. Highway & Transp. Dep't,* 86 Ark.App. 279, 184 S.W.3d 461 (2004), in which the court held:

> Under the terms of Regulation 1(H)(2), however, an area is precluded from being classified as unzoned commercial if it includes land predominantly used for residential purposes. Contrary to Lamar's proposed construction, the statute and regulation do not require a different analysis if the billboard is placed directly on the commercial lot as opposed to a lot in the surrounding area; it is the character of the entire "boxed" area that is to be considered, regardless of where the billboard is placed in that area.

*Id.* at 286, 184 S.W.3d at 466. Appellant attempts to distinguish *Lamar* by noting that in that case, the court was precluded from applying § 27–74–210 to the analysis because Lamar had failed to argue for its application below. However, we find that consideration of the application of § 27–74–210 does not materially affect the analysis; the purpose behind providing a definition for "land predominately used for residential purposes" was to clearly define what properties should be considered "used for residential purposes" as opposed to those with unused or abandoned residences or, as in AHTD's example, a commercial site that has an overnight guard sleeping on the property. To hold otherwise would be contrary to the intent behind the Highway Beautification Acts:

> Given the purposes of the state and federal Highway Beautification Acts, it is reasonable to conclude that the Acts intended to prohibit billboards in areas where, although a commercial use exists, there also exists a predominantly residential use. To interpret the statute

and regulation as Lamar suggests would mean that a billboard could be placed on a single unzoned commercial lot even if that lot were closely surrounded by residential use, which would be at odds with the purpose of the Acts.

*Lamar,* 86 Ark.App. at 286, 184 S.W.3d at 466. In conclusion, we find that appellant has failed to demonstrate that the AHTD's interpretation of the exclusion is clearly wrong, and especially considering the great deference that is given to an agency's interpretation of its own statutes and regulations, *Cave City Nursing Home, supra,* we see no basis for reversal on this point.

◼ Regarding appellant's invocation of the doctrine of *noscitur a sociis,* we note that while the logic of this argument is appealing, it is ultimately unconvincing. Whether the AHTD has been inconsistent in its application of the exclusions is not dispositive of the issue, and further, canons of statutory construction such as *noscitur a sociis* are only aids to judicial interpretation, and they will not be applied when there is no ambiguity, *to defeat legislative intent and purpose,* to make general words meaningless, or to reach a conclusion inconsistent with other rules of construction. *United States v. Vig,* 167 F.3d 443 (8th Cir.1999) (emphasis added).

◼ There are also arguments from both parties concerning whether (1) appellant's interpretation of § 27–74–210 would be preempted by federal law, and (2) AHTD's interpretation renders the statute and regulations more restrictive than federal law, violating § 27–74–211(b). However, as we have no ruling on these issues from either the administrative agency or the circuit court, these arguments are not preserved for our review. *Ark. Wildlife Fed'n v. Ark. Soil & Water Conservation Comm'n,* 366 Ark. 50, 233 S.W.3d 615 (2006) (holding that to preserve arguments for appeal, including constitutional arguments, the appellant must obtain a ruling below).

◼ For its second point on appeal, appellant asserts that, even assuming the AHTD correctly interpreted the statutes and regulations, there was no substantial evidence to support the finding that the proposed site was predominately residential. Substantial evidence is evidence that is valid, legal, and persuasive and that a reasonable mind might accept to support a conclusion and force the mind to pass beyond speculation and conjecture. *Williams v. Ark. State Bd. of Physical Therapy,* 353 Ark. 778, 120 S.W.3d 581 (2003). To establish an absence of substantial evidence to support the decision, the challenging party must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusion. *Id.*

Appellant's entire argument on this point consists of the following: "The Marketplace contains a 7,000 square foot showroom while the four residences are of a modest size. Further, the photographs of the area do not show the residential areas predominating the Marketplace." In response, AHTD asserts that the AHTD hearing officer's findings of fact were based on testimony received at the hearing, the testimony established that the proposed site contained four residences and is otherwise forested with the exception of one business, and the hearing officer correctly found that this clearly constituted a predominantly residential use.

◼ We find appellant's argument on this point underdeveloped and unconvincing. Where no citation to authority or convincing argument is offered, this court will decline to address the issue on appeal. *Norman v. Norman,* 347 Ark. 682, 66

S.W.3d 635 (2002). Further, it appears that appellant raised this argument to the circuit court but failed to raise this argument at the agency level. This court will not set aside an administrative determination upon a ground not presented to the agency because to do so would deprive the agency of the opportunity to consider the matter, make its ruling, and state the reasons for its action. *McQuay v. Ark. State Bd. of Architects*, 337 Ark. 339, 989 S.W.2d 499 (1999). *See also Teston v. Ark. State Bd. of Chiropractic Examiners*, 361 Ark. 300, 206 S.W.3d 796 (2005) (holding that in order to preserve a constitutional argument in an appeal from an agency decision, the issue must be raised and developed at the administrative level). We therefore affirm the decision to deny the billboard permit.

Affirmed.

HANNAH, C.J., dissenting.

IMBER, J., not participating.

JIM HANNAH, Chief Justice, dissenting.

I respectfully dissent. The Commission is wrong in its interpretation of Arkansas Code Annotated section 27–74–210 (Repl. 1994). The location where Seiz Sign Company sought a permit to erect a billboard was in an unzoned commercial or industrial area as required by Arkansas Code Annotated section 27–74–204(a)(2) (Repl. 1994) and as defined under paragraph 1.H.2 of AHTD's Regulations. Further, the site was not in a predominately residential area as defined in Arkansas Code Annotated section 27–74–210 (Repl.1994).

In 1967, the legislature passed the Arkansas Highway Beautification Act, which provided that nothing shall prevent billboards in unzoned commercial or industrial areas. *See* Ark.Code Ann. § 27–74–204(a)(2). The Act allowed the Commis-

sion to define unzoned commercial or industrial area. *See id.* In 1972, the Commission defined the term in pertinent part as "land occupied by the regularly used building, parking lot, and storage or processing area of a commercial, business, or industrial activity, and that land within 600 feet thereof on both sides of the highway. *See Regulations for Control of Outdoor Advertising*, 001–00–005–8 Ark.Code R. App'x 3(1)(H) (Weil 2008). The unzoned land shall not include … (2) *"Land predominantly used for residential purposes." Id.* (emphasis added). In 1979, the legislature amended the Act to include section 27–74–210, which defined the term "land predominantly used for residential purposes" for the Commission.

Section 27–74–210 provides in pertinent part as follows:

> (a) It is the legislative intent and purpose of this section to specifically define a certain term used in the [*Regulations for Control of Outdoor Advertising*] "predominantly used for residential purposes" as that term is used in enumerating exclusions in the definition of "unzoned commercial, business, or industrial areas," in order to … enable the [C]ommission to more effectively and efficiently and uniformly administer the provisions of this chapter. …
>
> (b) "[L]and predominantly used for residential purposes" means only those tracts of land within an unzoned commercial, business, or industrial area … which are occupied by a building regularly and principally used as a residence. …

Under the plain language of section 27–74–210, the Commission may define as predominantly residential only those specific tracts of land within unzoned commercial, business, or industrial areas that contain residential structures. Because only the tracts containing residences may be pre-

dominantly residential, the remaining tracts within the unzoned commercial area are open for billboard erection under the statute.

Generally, "[a]n administrative agency's interpretation of its own regulation will not be overturned unless it is clearly wrong." *Nash v. Ark. Elevator Safety Board,* 370 Ark. 345, 351, 259 S.W.3d 421, 425 (2007). While we defer to the Commission's factual determinations, we review issues of statutory construction de novo because it is this court's duty to decide what a statute means. *Johnson v. Bonds Fertilizer, Inc.,* 365 Ark. 133, 135, 226 S.W.3d 753, 755 (2006). While it is true that an agency's interpretation is highly persuasive, where a statute is not ambiguous, we will not interpret it to mean anything other than what it says. *Ford v. Keith,* 338 Ark. 487, 494, 996 S.W.2d 20, 25 (1999). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Yamaha Motor Corp. v. Richard's Honda Yamaha,* 344 Ark. 44, 52, 38 S.W.3d 356, 360 (2001).

The Commission's decision is wrong because, contrary to the plain meaning of the statute, the AHTD denied Seiz a billboard permit where the proposed site was found to be "predominantly residential," even though the tract had no residential structures. The decision to deny the permit was based upon the residential nature of nearby tracts of land. The plain meaning of section 27–74–210 is that only the tracts of land occupied by a residence are to be considered "land predominantly used for residential purposes." Because there are no residences located on the tract of land at issue, the AHTD and the Commission

misapplied the law in finding the tract to be "land predominantly used for residential purposes." Therefore, the Commission erred when it failed to reverse AHTD's decision denying Seiz's application for a billboard permit.[1]

---

1. The desirability of billboards in an area near residences is not at issue. The court's

duty is to apply the statute as it is written.