The Honorable Uvalde Lindsey State Representative
2257 East Gentle Oaks Lane Fayetteville, Arkansas 72703-6142
Dear Representative Lindsey:
This is my opinion on your questions about investments of a local firemen's pension and relief fund whose assets were, but are no longer, over $5,000,000.
I have paraphrased your questions:
 1. Does A.C.A. § 24-10-402 or § 24-11-805 require a local firemen's pension and relief fund to sell investments that are not cash, governmental bonds, or no-load mutual fund shares when the fund's assets fall below $5,000,000?
 2. If so, when must such investments be sold?
 3. If not, may the fund acquire investments that are not cash, governmental bonds, or no-load mutual fund shares?
RESPONSE
In my opinion, the statutes do not require the sale of investments that are not cash, governmental bonds, or no-load mutual fund shares merely because a fund's assets have fallen below $5,000,000. The premise of your second question is therefore not met. In my opinion, a fund with assets under $5,000,000 may not acquire investments that are not cash, governmental bonds, or no-load mutual fund shares. *Page 2 
 Question1 — Does A.C.A. § 24-10-402 or § 24-11-805 require a localfiremen's pension and relief fund to sell investments that are notcash, governmental bonds, or no-load mutual fund shares when thefund's assets fall below $5,000,000?
The statutes limit funds with assets over $100,000 and under $5,000,000 to investments in cash, governmental bonds, and no-load mutual fund shares, but do not so limit larger funds. A.C.A. §§ 24-10-402 (Repl. 2002), 24-11-805 (Supp. 2011);see Op. Att'y Gen. 1999-405; see also Letter from David B. Clark, Exec. Dir., Arkansas Fire and Police Pension Review Bd., to Paul Becker, Fin. Officer, City of Fayetteville, Ark. (July 8, 2011) (on file in this office).
You ask in effect whether the limitation applies continuously or only at the time an investment is acquired.
One statute provides that a fund's board of trustees may "authorize the treasurer to draw sums from its treasury to invest . . . in [cash and governmental bonds]." A.C.A. § 24-11-805(b).
Arkansas courts construe unambiguous statutes according to the plain meanings of the words used. E.g., May Const. Co.,Inc. v. Town Creek Const. Dev., LLC,2011 Ark. 281, ___ S.W.3d ___, 2011 WL 2477185.
In my view, the plain meanings of the words quoted above establish a rule governing the permissibility of acquiring an investment, not of holding it. The rule contemplates that the treasurer will draw money and contemporaneously invest in — i.e., purchase — cash or governmental bonds. It does not, in my view, purport to establish a rule that applies at any time other than the time of acquisition.
The other statute provides that a fund's assets "may be invested" in no-load mutual fund shares. A.C.A. § 24-10-402(a)(2)(G).
This statute is not as clear on the point. Saying that money "may be invested" can mean that it may be used to purchase investments, that it may be maintained over time in the form of investments, or both. *Page 3 
But "the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong."Mountain Pure, LLC v. Little Rock Wastewater Utility,2011 Ark. 258, at 8, ___ S.W.3d ___, 2011 WL 2410598.
Here, the Arkansas Fire and Police Pension Review Board construes the statute as establishing a rule that applies at the time of purchase, not a rule requiring sale simply because a fund's assets have fallen below $5,000,000. See Clark Letter, supra
(decision to sell such investments in these circumstances "rests solely with the pension fund board of trustees and its advisors").
In my view, the Board's construction is not clearly or even likely wrong. Statutes relating to the same subject matter should be construed to be consistent with one another and to operate in the same manner. E.g., Seiz Co. v. Arkansas StateHighway Transp. Dept.,2009 Ark. 361, 324 S.W.3d 336. Because A.C.A. § 24-11-805(b) specifies two of the three kinds of permitted investments (cash and governmental bonds) and clearly establishes a rule applicable only at the time of acquisition, and because A.C.A. § 24-10-402(a)(2)(G) specifies the third kind of permitted investments (no-load mutual fund shares), it seems almost necessary, not merely appropriate, to construe the latter also to establish a rule that applies only at the time of acquisition.
In my opinion, then, because they establish rules that apply only at the time of acquisition, the statutes do not require the sale of investments that are not cash, governmental bonds, or no-load mutual fund shares merely because a fund's assets have fallen below $5,000,000.[1] *Page 4 
 Question 2 — If so, when must such investments be sold?
Because it is my opinion that a fund need not sell investments that are not cash, governmental bonds, or no-load mutual fund shares merely because its assets have fallen below $5,000,000, the premise of your second question is not met.
Question 3 — If not, may the fund acquire investments that arenot cash, governmental bonds, or no-load mutual fund shares?
As discussed above, the rule limiting funds to investments in cash, governmental bonds, and no-load mutual fund shares applies at the time of acquisition. It follows that a fund whose assets have fallen below $5,000,000 may not acquire investments that are not cash, governmental bonds, or no-load mutual fund shares. My opinion is again consistent with the Pension Review Board's construction. See Clark Letter, supra (in these circumstances, "the pension fund should not enter into new holdings that are outside those listed as acceptable for a fund less than $5,000,000").
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JMB/cyh
[1] My opinion should not be taken to mean that a fund's change in status under the $5,000,000 rule is not relevant to decisions to hold or sell investments. While the statutes do not require sale, they may state a public policy that a fund having less than $5,000,000 in assets generally should not own investments that are not cash, governmental bonds, or no-load mutual fund shares, even if acquired when the fund had more than $5,000,000 in assets. A fund is administered by a board of trustees. See
A.C.A. § 24-11-801 (Supp. 2011). Trustees are fiduciaries.Black's Law Dictionary 1656 (9th ed. 2009). A fund's investment activity is subject to the laws governing state public employee retirement plans. A.C.A. § 24-10-402(a)(2)(F). Among such laws is the prudent investor rule, which, among other things, requires trustees to act prudently. See
A.C.A. §§ 24-2-610 to-619 (Supp. 2011). In a given case, prudence might dictate both that a fund sell an investment that it could not then buy, and that the fund defer sale until such time, if ever, as it can be sold prudently, "without significant losses being realized." Clark Letter, supra. *Page 1