SLIP OPINION

Cite as 2016 Ark. 422

# SUPREME COURT OF ARKANSAS

**No.** CV–16–47

| | |
|---|---|
| CHRISTOPHER MOORE<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS ALCOHOLIC BEVERAGE CONTROL BOARD AND SARAH C. GILDEHAUS<br><br>APPELLEES | **Opinion Delivered:** December 1, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [60CV–14–3565]<br><br>HONORABLE MACKIE M. PIERCE, JUDGE<br><br><u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Christopher Moore appeals from an order of the Pulaski County Circuit Court dismissing his petition for judicial review of a decision by the Arkansas Alcoholic Beverage Control Board (the Board) granting a liquor-permit application filed by Sarah Gildehaus. He argues that the Board's decision to grant the application should be reversed because it violates a statutory prohibition of a permit holder either having an interest in more than one permit or directly or indirectly financially benefiting from the sale of liquor at more than one location. Because this case presents issues of first impression and substantial questions regarding the interpretation of an act of the General Assembly, our jurisdiction lies pursuant to Rules 1–2(b)(1) and (6) of the Rules of the Arkansas Supreme Court and Court of Appeals (2016). We affirm.

The Board originally granted Sarah Gildehaus's application in a decision dated July 18, 2013. After Moore petitioned the Pulaski County Circuit Court for review of the

Board's decision, the circuit court remanded the case to the Board for further proceedings to determine whether the Board acted in violation of Arkansas Code Annotated section 3-4-205 when it granted a permit to Mrs. Gildehaus because her husband owns an interest in a liquor store. At a hearing subsequently held before the Board, Mrs. Gildehaus produced a document releasing and relinquishing her interest in Gild Holdings and Gild Corporation, LLC, which are owned by her husband, including any interest she would receive upon his death or in the event they divorced. Her husband executed a mirroring document relinquishing any interest he would have in her store, Guess Who. She testified that her store, which is a sole proprietorship, is located in a building owned by Gild Corporation, and that she pays a flat monthly rental fee. In order to obtain a line of credit, she signed a security agreement with a bank that gives it a setoff against any accounts she has with the bank. Mr. Gildehaus did not sign a personal guarantee for the line of credit. She testified that she considered her inventory to be the pledge from the line of credit from the bank. Mrs. Gildehaus testified that she and her husband have separate accounts, a joint account, and a house they own. Mrs. Gildehaus stated that she plans to file taxes separately from her husband in an effort to keep their incomes separate.

At the conclusion of the hearing, the Board voted unanimously to issue a permit to Mrs. Gildehaus. Appellant filed a petition for judicial review in the Pulaski County Circuit Court. The circuit court entered an order dismissing the petition with prejudice, finding that appellant has standing as a permit holder to challenge the Board's actions, that there was adequate evidence to support the decision of the Board, and that the Board's actions were not arbitrary, capricious, or characterized by an abuse of discretion. This appeal followed.

Review of administrative agency decisions, by both the circuit court and the appellate courts, is limited in scope. *See Seiz Co. v. Ark. State Hwy. & Transp. Dep't*, 2009 Ark. 361, 324 S.W.3d 336. The standard of review to be used by both the circuit court and the appellate court is whether there is substantial evidence to support the agency's findings. *See id.* The appellate court's review is directed not toward the circuit court, but toward the decision of the agency, because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *See id.* When reviewing such decisions, we uphold them if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. *See id.* We review issues of statutory interpretation de novo; however, the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong. *See id.*

Below, Gildehaus raised the issue of appellant's standing to petition for review of the Board's decision. The circuit court ruled that he had standing to challenge the Board's action. We agree. In cases of adjudication, any person, except an inmate under sentence to the custody of the Department of Correction who considers himself or herself injured in his or her person, business, or property by a final agency action shall be entitled to judicial review of the action. Ark. Code Ann. § 25-15-212(a) (Repl. 2014). "Injury" is defined as "[t]he violation of another's legal right, for which the law provides a remedy; a wrong or injustice" or "any harm or damage." *Arkansas Beverage Retailers Ass'n, Inc. v. Moore*, 369 Ark. 498, 505–06, 256 S.W.3d 488, 494 (2007) (citing *Black's Law Dictionary* 801 (8th ed. 2004)).

SLIP OPINION

Thus, so long as an individual considers his or her legal rights violated or considers himself or herself harmed or damaged, has been adversely affected or aggrieved by the agency action, has a personal stake in the outcome of the controversy, and can demonstrate a concrete, specific, real, and immediate injury by the agency's final action, that individual is entitled to judicial review of that agency action. *Id.* Moore's petition for judicial review recites that he holds a retail liquor permit for a location near the permitted location for Gildehaus's liquor store. It further alleges that his substantial rights have been prejudiced by the Board's action. Because appellant holds a permit for a nearby location that would be in direct competition with Mrs. Gildehaus's store, we hold that he has demonstrated standing to seek review of the Board's decision.

Appellant first argues that the Board erred by accepting new evidence during the August 24, 2014 hearing. He contends that this action by the Board goes beyond the scope of the remand by the Pulaski County Circuit Court. This point is not preserved for our review. While appellant objected to certain pieces of evidence sought to be introduced on relevancy grounds based on the remand from the circuit court, he never argued, as he does now, that the Board was prohibited from taking any new evidence at the August 24, 2014 hearing. Nor did appellant raise the issue before the circuit court. It is well settled that this court will not consider arguments raised for the first time on appeal. *Ford Motor Co. v. Ark. Motor Veh. Comm'n*, 357 Ark. 125, 147, 161 S.W.3d 788, 802 (2004). Accordingly, we will not consider this argument.

Appellant next argues that the Board erred in finding that the spouse of a person with an interest in a retail liquor permit may be issued a separate retail liquor permit. This court

has not previously addressed this issue. Consideration of appellant's argument requires us to construe portions of Arkansas Code Annotated section 3-4-205 (Supp. 2015). The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Crafton, Tull, Sparks & Assocs., Inc. v. Ruskin Heights, LLC*, 2015 Ark. 1, at 5–7, 453 S.W.3d 667, 670–72. We construe statutes so that, if possible, every word is given meaning and effect. *See id*. We construe the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Friar v. Erwin*, 2014 Ark. 487, 450 S.W.3d 666. When a statute is clear, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Crafton,* 2015 Ark. 1, 453 S.W.3d 667.

Arkansas Code Annotated section 3-4-205(b)(1)(B), which codified Act 70 of 2011, states that "[a] retail liquor permit shall apply only to one (1) location, and a person, firm, or corporation shall not be permitted to receive any direct or indirect financial benefit from the sale of liquor at any location other than the permitted location." Appellant argues that the fact that Mrs. Gildehaus's husband has an interest in a separate liquor permit renders the award of a liquor permit to her a violation of this subsection. Appellant is mistaken.

First, appellant's argument ignores certain language employed in section 3-4-205(b)(1)(B). That section begins by stating that "[a] retail liquor permit shall apply only to one (1) location." By including this language in the statute, the legislature has made it clear that the section is designed to prohibit the holder of a permit from either selling alcohol at more than one location using the single existing permit or providing alcohol to another

permit holder under an arrangement that produces any type of direct or indirect financial benefit to the permit holder providing the alcohol. There is no evidence whatsoever in the record that Mrs. Gildehaus is engaged in profiting from either selling liquor in more than one location or the sale of liquor in more than one location.

Second, the Board's conclusion that neither Mrs. Gildehaus nor her husband receive any direct or indirect financial benefit from the other's permit is supported by substantial evidence. Both spouses executed documents stating that they were divesting themselves of any possible interest in the other's permit. Also, at the hearing, Mrs. Gildehaus manifested a clear intent not to derive benefit from her husband's permit. The fact that she is married and that her husband contributes to household expenses is not a financial benefit from a separate liquor permit; it is instead a financial benefit of her marriage. The evidence is sufficient to support the Board's determination that granting a permit to Mrs. Gildehaus does not violate section 3–4–205(b)(1)(B).

The evidence produced at the hearing before the Board is also sufficient to support the conclusion that the Board's decision to award a permit to Mrs. Gildehaus does not violate section 3–4–205(b)(1)(A), which states that "[n]o retail liquor permit shall be issued, either as a new permit or as a replacement of an existing permit, to any person, firm, or corporation if the person, firm, or corporation has any interest in another retail liquor permit, regardless of the degree of interest." An "interest" is defined as "a legal share in something; all or part of a legal or equitable claim to or right in property." *Black's Law Dictionary* 934 (8th ed. 2014). Mrs. Gildehaus has no legal interest in a separate liquor permit. Her husband does. Further, there was evidence introduced at the hearing indicating

that, in addition to having no present interest in a separate liquor permit, Mrs. Gildehaus has disclaimed any potential future interest in the permit linked to her husband.

We hold that, so long as the spouses sufficiently divest themselves of any interest in the other's permit, there is nothing in the current language of section 3-4-205 that automatically prohibits both partners in a marriage from holding separate liquor permits.[1] The Board's determination that section 3-4-205 is not violated by virtue of Mrs. Gildehaus and her husband having independent interests in separate liquor permits is supported by substantial evidence and is affirmed.

Appellant's next argument is that the Board erred in finding that the holder of a retail liquor permit may have a leasehold interest in a separate retail liquor operation. Mrs. Gildehaus's store is in a building owned by Gild Corporation. She pays a flat monthly rental fee under the terms of her lease. Appellant argues that this arrangement violates section 3-4-205(b)(1)(B). Even if this were true, the violation would be on the part of Mr. Gildehaus, not Mrs. Gildehaus, as he is the one with the interest in Gild Corporation, which owns both the building and a separate liquor permit. As explained above, their interests in their respective permits are separate. Appellant is not seeking to revoke Mr. Gildehaus's permit on the basis that he is holding it in violation of section 3-4-205. The lease arrangement does not serve as a basis to overturn the Board's granting of a permit to Mrs. Gildehaus.

---

[1] Statements by a Board member during the hearing on Mrs. Gildehaus's petition indicate that the Board's practice in the past has been to allow spouses to hold separate permits. As this is a situation that has obviously arisen on more than one occasion in the past, the legislature could have specifically stated that the practice is not allowed if such was its intent. To date, it has not.

Appellant next argues that Mr. Gildehaus improperly secured the indebtedness of Mrs. Gildehaus's business. The evidence does not support appellant's assertion. Roger Gildehaus is not named or listed in the Commercial Line of Credit Agreement and Note executed by First Bank in Rogers and Mrs. Gildehaus. The agreement references a security agreement that is not contained in the record. The agreement does give the bank a setoff against Mrs. Gildehaus's accounts with the bank. However, the only account Mrs. Gildehaus has with the bank is an individual account in her name. She does not have a joint account with her husband at that bank. Therefore, there is no evidence in the record that Mr. Gildehaus improperly secured Mrs. Gildehaus's indebtedness.

Finally, appellant argues that the Board erred in finding that Mrs. Gildehaus validly transferred her interest in Gild Holdings and that she and her husband lawfully divested themselves from their reciprocal spousal interests. Appellant argues that Mrs. Gildehaus did not properly transfer her shares of Gild Corporation to her husband, resulting in her still having an interest in that corporation. The Board's finding that Mrs. Gildehaus divested herself of her interest in Gild Corporation is a finding of fact. Her testimony before the Board and the relinquishments she signed are substantial evidence that support the Board's determination that she sufficiently divested herself of her interest so as not to run afoul of the requirements of section 3-4-205.

Appellant also argues that Mr. Gildehaus did not divest himself of his interest in Mrs. Gildehaus's store. There is no evidence in the record to support a conclusion that Mr. Gildehaus has ever had an interest in her store. Furthermore, Mr. Gildehaus signed a

relinquishment giving up any potential or future interest in Mrs. Gildehaus's business. This argument lacks merit.

Affirmed.

Special Justice STEVEN L. BROOKS joins.

DANIELSON, J., not participating.

*Reece Moore Pendergraft LLP*, by: *Timothy C. Hutchinson*, for appellant.

*Steel, Wright & Collier, PLLC*, by: *Jeremy Hutchinson*, for appellees.